### TOMPKINS v. THOMPSON et al.

(Supreme Court, Special Term, Westchester County. May, 1905.)

1. DEEDS—DELIVERY—VESTING OF TITLE.
 Where a deed is delivered to a third party, to be delivered to the gran-tee on the death of the grantor, no title passes until final delivery to the grantee; but the title is then deemed, by relation back, to have vested at the delivery by the grantor to the third party, in respect of all inter-vening rights.

2. SAME—REVOCATION OF CONVEYANCE.
 A grantor who delivers a deed to a third party, to be delivered to the grantee upon the grantor's death, cannot change his purpose and revoke the conveyance.

Suit by George B. Tompkins against Farrington H. Thompson and others to compel the delivery of a deed. Judgment for plaintiff.

The plaintiff's deceased wife executed a deed of conveyance to him of land without valuable consideration, and delivered the same to the defendant Thompson with instructions to hold it until her death and then deliver it to her husband, unless she directed in writing that it be so delivered in her life-time. The said Thompson is an attorney, and the wife and husband went to him together and told him that the conveyance was to be made and the deed deposited with him as aforesaid. Afterwards the wife made the deed and delivered it to him. Afterwards she notified him that she revoked the conveyance and demanded the deed back and notified him not to deliver it. He retained the deed, but now refuses to deliver it.

David Verplank, for plaintiff.
Digney & Horton, for defendants.

GAYNOR, J. By the delivery of the deed to the defendant Thompson by the deceased wife of the plaintiff with instructions to deliver it to the plaintiff on her death, no present title passed to the plaintiff; for in such a case title does not pass until the final de-livery, although it is then deemed by relation back to have vested at the first delivery, in respect of all intervening rights. Hathaway v. Payne, 34 N. Y. 92; 3 Wash. Real Prop. bk. 3, c. 4, § 2, subd. 40, et seq.

Was the grantor therefore free to change her purpose and revoke the conveyance? The law is to the contrary, for the grant itself was complete, as the above authorities show. It was only the time of vesting that was postponed.

Judgment for the plaintiff.