(May 19, 1977)

Stephen L. Oppenheim et al., Copartners Practicing Under the Name of Oppenheim & Drew, Appellants, v Leonard Simon et al., Third-

Party Plaintiffs-Respondents-Appellants. HYMAN NOVICK REALTY CORPORATION, Third-Party Defendant-Appellant; STEPHEN L. OPPENHEIM, Third-Party Defendant-Respondent, et al., Third-Party Defendant.—Cross appeals from an order and judgment, both entered June 17, 1975 in Sullivan County, which granted to third-party defendant Oppenheim summary judgment dismissing the third-party complaint as to him and otherwise denied the motion for summary judgment of plaintiffs and third-party defendants Hyman Novick Realty Corporation and Oppenheim and the cross motion for summary judgment of defendants and third-party plaintiffs. On November 14, 1973, Hyman Novick Realty Corporation (the Corporation) and defendants Simon and Felixon entered into a contract whereby said defendants were to purchase substantially all of the Corporation's assets. Pursuant to the contract and upon its signing and within 10 weeks thereafter, $90,000 was to be paid in three installments by defendants and held by plaintiffs Oppenheim and Drew as escrow agents. This sum was to serve "as the equivalent of the price paid by purchaser for a 90 day option to buy" and as seller's liquidated damages should defendants not go through with the purchase. To this date, $15,000 of this amount has been paid by defendants and is in the possession of plaintiffs as is a check drawn on the National Union Bank for $25,000 which was to constitute a second payment, but was dishonored and never paid. Under these circumstances, plaintiffs, who are also the attorneys for the Corporation, commenced the prime action herein seeking to recover the $75,000 yet to be paid upon the $90,000 sum discussed above. For their part, defendants argued that plaintiffs are not the real parties in interest to the disputed agreement and, therefore, had no right to initiate the action. As an affirmative defense, they further alleged that the contract was null, void and unenforceable because there was an absence of compliance with section 909 of the Business Corporation Law and also because the subject assets were so heavily encumbered in an amount in excess of the purchase price that the Corporation was not able to deliver title as provided in the contract. Accordingly, they sought a dismissal of the complaint and a judgment for the sum of $15,000 which they have admittedly paid on the contract as well as a judgment directing the return to them of the dishonored check for $25,000. By means of a third-party action, defendants additionally brought the Corporation, its purported president, Victor Danenza, and Oppenheim into the case as third-party defendants. In their amended third-party complaint, they alleged that they paid an additional cash sum of $31,000 to Danenza who, as a consequence thereof, agreed that the Corporation would, by appropriate instrument, allow defendants to be released from personal liability on the contract of sale by their assigning the contract to another corporation. Claiming, *inter alia,* that this oral agreement was not complied with and that the underlying contract of sale was unenforceable, they sought a judgment against the Corporation declaring the contract of sale null and void, directing the return of the dishonored check and awarding them damages of $46,000, i.e., the $15,000 payment on the contract plus the $31,000 allegedly paid Danenza. With regard to Danenza and Oppenheim, they further maintained that the $31,000 payment to Danenza was delivered to Oppenheim, and a judgment for that sum was sought against these latter two third-party defendants. Thereafter, motions for summary judgment were made at Special Term by plaintiffs, third-party defendants the Corporation and Oppenheim, and defendants and third-party plaintiffs. As noted above, the court ultimately denied all of these motions other than dismissing the third-party complaint as to third-party defendant Oppenheim. These appeals

ensued. Considering initially whether or not plaintiffs are real parties in interest and, therefore, able to initiate the prime action here, we find that they are. As escrow agents, they are trustees *(Farago v Burke,* 262 NY 229) who have a duty to act for any party with a beneficial interest in the trust corpus, in this instance the $90,000 to which the Corporation becomes entitled, pursuant to the contract of sale, at the time of the closing of title or defendants' failure to go through with the purchase. Upon the happening of either occurrence, it would clearly be plaintiffs' duty as escrow agents, assuming the contract of sale to be valid and enforceable, to pay the sum of $90,000 to the Corporation. Hence, they can properly bring this action so as to be able to fulfill their obligation *(Helman v Dixon,* 71 Misc 2d 1057; see *Hauben v Waxman,* 281 App Div 1031). Such being the case, we must now examine whether or not the underlying contract of sale is valid and enforceable, and on this issue material questions of fact are presented, *inter alia,* as to compliance with section 909 of the Business Corporation Law. Consequently, a trial is necessary to litigate these issues, and summary judgment was properly denied in the prime action *(Phillips v Kantor & Co.,* 31 NY2d 307). We likewise agree with Special Term's decision in the third-party action. Oppenheim was plainly not a party to nor in any way related to the alleged agreement between Danenza and third-party plaintiffs involving the $31,000 cash payment even if it be conceded that Danenza subsequently delivered the $31,000 to him. Accordingly, he cannot be liable to third-party plaintiffs for the $31,000, and he was entitled to summary judgment dismissing the third-party complaint as to him. Summary judgment was otherwise properly denied in the third-party action, however, for the reason that present therein are the factual questions of the prime action as well as additional triable issues concerning what agreement, if any, was made between Danenza and third-party plaintiffs relative to the alleged $31,000 cash payment. Order and judgment affirmed, without costs. Kane, J. P., Mahoney, Main, Larkin and Herlihy, JJ., concur.