■ COHN & BERK, Appellant-Respondent, v ROTHMAN-GOODMAN MANAGEMENT CORP. et al., Respondents-Appellants, and AIR-IDEAL, INC., Respondents, et al., Defendants.—In an action to recover moneys had and received and to recover damages for unjust enrichment, the plaintiff appeals, by permission, as limited by its brief, from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated August 9, 1985, as denied its cross motions for summary judgment, granted the motions of the defendants Air-Ideal, Inc., Jacobson and Goldberg, and Crystorama, Inc., to dismiss the complaints as against them, directed it to furnish a more definite statement pursuant to CPLR 3024 (a) with respect to the defendants Rothman-Goodman Management Corp., Norman Rothman, Caryl F. Rothman, Gerald Goodman, Phyllis Goodman, Tjac Realty Corp., Theodore Andromidas, and Midlantic Real Estate Corp., and directed that Midlantic's tenant, Leutner, be made a party to the action. The defendants Rothman-Goodman Management Corp., Norman Rothman, Caryl F. Rothman, Gerald Goodman and Phyllis Goodman cross-appeal, by permission, from so much of the same order as, upon their motion to dismiss the complaint granted to same only to the extent of directing the plaintiff to furnish a more definite statement.

Ordered that the order is modified, on the law, by granting the motion of the cross appellants to dismiss the complaint as to them, and by dismissing the complaint as against the defendants Tjac Realty Corp., Theodore Andromidas and Midlantic Real Estate Corp. As so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs to the respondents-appellants.

The plaintiff, a law partnership suing "as escrowee on behalf of" 11 named "beneficiaries" who had deposited their moneys into an escrow account with the plaintiff as the escrow agent, sued the defendants (all former clients of the plaintiff's or third parties who had business dealings with them) to recover moneys which the plaintiff had *itself* wrongfully paid to or on behalf of the defendants out of the escrow account for services performed by or in satisfaction of unrelated claims by the defendants. The plaintiff's complaint candidly admits that in making such payments it engaged in

forgery, made misrepresentations, and acted outside of its authority, thereby defrauding both the beneficiaries *and* the defendants. One typical example of such behavior concerns the plaintiff's representation of the defendant Rothman-Goodman Management Corp. in its dispute with a third party. The plaintiff falsely represented to Rothman-Goodman that it had settled the dispute for $25,000, and had then paid it this amount out of the escrow account (with no such authorization from the escrow beneficiaries). The plaintiff now claims that although it wrongfully converted the beneficiaries' moneys, it continues to have a fiduciary obligation toward those beneficiaries, and thus has standing to sue on their behalf to recover moneys which in equity and good conscience belong to them. We disagree.

While true that escrow agents have a fiduciary obligation to take whatever steps are necessary (including court action) to protect any party with a beneficial interest in the escrow fund *(see, e.g., Oppenheim v Simon,* 57 AD2d 1006; *Helman v Dixon,* 71 Misc 2d 1057), in this particular case the plaintiff is barred from seeking the equitable remedy of recovering moneys obtained through unjust enrichment by the *doctrine of unclean hands,* i.e., one may not obtain equitable relief where he himself has engaged in inequitable or unconscionable conduct connected with the matter in litigation, and where the party invoking the doctrine of unclean hands was injured by such conduct *(see, e.g., National Distillers & Chem. Corp. v Seyopp Corp.,* 17 NY2d 12; 55 NY Jur 2d, Equity, §§ 117-132). Moreover, we hold that the plaintiff cannot now rely on its fiduciary relationship with the escrow beneficiaries as providing it with standing to bring this action since, by its own admitted embezzlement of the beneficiaries' moneys, the plaintiff terminated any such relationship. The plaintiff has failed to show any reaffirmance of such a relationship or of trust or authority between it and the beneficiaries which would enable it to represent their interests—such as an assignment over by the beneficiaries to the plaintiff of any causes of action possessed by them. None of the beneficiaries are joined as parties in the action, nor have any participated in the action such as by submitting affidavits in support of or even clarification of the plaintiff's allegations. While the plaintiff insists that it notified all the beneficiaries of this lawsuit and that none of them requested or took steps to stop it, but rather all expressed a consensus that they did not want to incur further legal costs, we are not impressed by this claim. Clearly, one cannot reasonably expect the beneficiaries to object to an opportunity

to recover their money without having to incur legal fees or spend their time and energy fighting for it in the courts. We do not believe that such a failure to object amounts to a reestablishment of any fiduciary relationship between the plaintiff and the beneficiaries. Mangano, J. P., Bracken, Brown and Eiber, JJ., concur.