*356 OPINION OF THE COURT
Geoffrey O’Connell, J.
Plaintiff has commenced this action upon a check by service of a summons and motion for summary judgment in lieu of complaint. (CPLR 3213.) Defendant cross-moves to dismiss.
Plaintiff acted as attorney for the seller of a one-family residence in which defendant was the purchaser. At the title closing defendant issued a check for $612 payable to the seller. Plaintiff avers that the parties agreed that he was to hold the $612 in escrow until possession of the premises was satisfactorily delivered. The agreement was reduced to writing. Defendant does not deny the agreement, but alleges that her inspection of the premises revealed breaches of the seller’s obligations under the contract of sale. It is uncontroverted that defendant then stopped payment of the check.
Defendant contends that plaintiff lacks legal capacity to sue. (CPLR 3211 [a] [3].) An escrow agent or depository may bring such actions as are necessary to fulfill his duties. (55 NY Jur 2d, Escrows, § 38.) Thus, in Oppenheim v Simon (57 AD2d 1006), the escrow agent was held to have capacity to sue to recover funds subject to an escrow agreement including the proceeds of a check for $25,000 which was dishonored and never paid. Clearly, plaintiff has the capacity to bring this action.
Defendant justifies stopping payment of the check by citing alleged breaches of the contract of purchase. By its terms the escrow agreement was to secure satisfactory performance of the purchase contract with the $612 check to be held until "delivery of possession * * * in good condition.” Defendant contends that the premises were not delivered in good condition. Nevertheless, defendant could not unilaterally stop payment and void the property or instrument to be held in escrow. (Tompkins v Thompson, 93 NYS 1070; see, Farago v Burke, 262 NY 229, 233, citing Mechanics’ Natl. Bank v Jones, 76 App Div 534, affd 175 NY 518; 55 NY Jur 2d, Escrows, §10.)
The escrow agreement provided by defendant provides, "I (the seller) also authorize my attorney, Richard D. Longworth, to hold a check payable to me for $612 to further insure delivery of possession in good condition.” This language authorizes plaintiff to hold the instrument, not to negotiate it. Nevertheless, a check may become stale and subject to dishonor because of the passage of time. (UCC 4-404.) Accord *357 ingly, plaintiff is awarded summary judgment. Defendant shall either furnish plaintiff with a certified check for $612 which instrument plaintiff is to hold in escrow or defendant may deliver cash or negotiable check for $612 which plaintiff may deposit in his escrow account.
The parties may pursue the remedies they would otherwise have had with respect to the claimed breaches of the purchase contract.