■ In the Matter of KAI MING HOU, Petitioner, v NORMAN GEORGE, Respondent. [633 NYS2d 1002] —Proceeding pursuant to CPLR article 78 in the nature of mandamus, inter alia, to compel the Honorable Norman George, a Justice of the Supreme Court, Kings County, to render a decision on the petitioner's motion pursuant to CPL article 440.

Motion by the respondent to dismiss the proceeding.

Upon the petition and papers filed in support of the proceeding, and the papers filed in opposition thereto and in support of the motion, it is

Ordered that the motion is granted; and it is further,

Adjudged that the petition is denied and the proceeding is dismissed, without costs or disbursements.

The extraordinary remedy of mandamus will lie only to compel the performance of a ministerial act, and only when there exists a clear legal right to the relief sought *(see, Matter of Legal Aid Socy. v Scheinman,* 53 NY2d 12, 16). The petitioner here has failed to demonstrate a clear legal right to the relief sought. Balletta, J. P., Miller, O'Brien and Copertino, JJ., concur.

■ In the Matter of LAJOS LAUFER, Appellant. COLUMBUS W. 82 APARTMENTS CORP. et al., Respondents. [633 NYS2d 512] —In a proceeding to set aside an election of directors of a cooperative apartment building, the petitioner appeals from an order of the Supreme Court, Kings County (Golden, J.), dated July 5, 1994, which denied the petition and granted that branch of the respondent's cross motion which was to confirm the results of the election.

Ordered that the order is affirmed, with costs.

We agree with the Supreme Court that even if the petitioner had been permitted to vote all of the shares he allegedly was entitled to vote, the result would have been the same. Thus, the court did not improvidently exercise its discretion under Business Corporation Law § 619 in denying the petition to set aside the election. Sullivan, J. P., Thompson, Copertino, Krausman and Florio, JJ., concur.