In the Matter of RICHARD LAGO et al., Petitioner, and NICHOLAS DOVAS, Appellant, v 87-10 51ST AVENUE OWNERS CORP. et al., Respondents. [753 NYS2d 733] —In a proceeding pursuant to Business Corporation Law § 619, inter alia, to invalidate a corporate election, the petitioner Nicholas Dovas appeals from stated portions of an order of the Supreme Court, Queens County (Milano, J.), dated December 18, 2000, which, inter alia, denied his motion to set aside the October 31, 2000, election of the board of directors of the 87-10 51st Avenue Owners Corporation.

Ordered that the order is affirmed insofar as appealed from, with costs.

On September 19, 2000, the parties entered into a stipulation made in open court which set forth the procedures for the October 31, 2000, election of the four residential shareholder positions on the Board of Directors of the 87-10 51st Avenue Owners Corp., a residential cooperative corporation (hereinafter the Coop). The subject election was directed as part of the long-running litigation involving the Coop (*see Matter of Voss v 87-10 51st Ave. Owners Corp.*, 292 AD2d 622). Following the election, the appellant, a resident shareholder, moved to set

aside the election pursuant to Business Corporation Law § 619, after having unsuccessfully moved to invalidate the stipulation on the eve of the election. The Supreme Court denied the motion.

Business Corporation Law § 619 gives the Supreme Court the authority to confirm an election, order a new election, or "take such other action as justice may require" (*see Matter of Laufer,* 221 AD2d 342). Based on matters contained in the record on appeal for *Matter of Voss v 87-10 51st Ave. Owners Corp.* (*supra*), of which we take judicial notice (*see Schmidt v Magnetic Head Corp.,* 97 AD2d 151, 158 n 3), the appellant did not come to court with clean hands regarding the subject matter of this litigation and thus may not obtain equitable relief (*see Cohn & Berk v Rothman-Goodman Mgt. Corp.,* 125 AD2d 435, 436). Under the circumstances, the Supreme Court properly denied the motion.

The appellant's remaining contentions are without merit. Santucci, J.P., Feuerstein, O'Brien and Schmidt, JJ., concur.