■ JOHN A. HORN, Respondent, v MUNICIPAL INFORMATION SERVICES, INC., Appellant, et al., Defendant. [724 NYS2d 320] —In an action, *inter alia,* to recover damages for breach of contract, the defendant Municipal Information Services, Inc., appeals from an order of the Supreme Court, Westchester County (DiBlasi, J.), entered May 4, 2000, which granted the plaintiff's motion to disqualify John R. Lewis as its counsel on the ground of a conflict of interest.

Ordered that the order is affirmed, with costs.

It is well settled that the disqualification of an attorney is a matter which rests within the sound discretion of the court (*see, Olmoz v Town of Fishkill,* 258 AD2d 447; *Fischer v Deitsch,* 168 AD2d 599; *Narel Apparel v American Utex Intl.,* 92 AD2d 913, 914). A party's entitlement to be represented in ongoing litigation by counsel of its own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted (*see, Olmoz v Town of Fishkill, supra; Feeley v Midas Props.,* 199 AD2d 238), and the movant bears the burden on such motion (*see, Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 131; *Solow v Grace & Co.,* 83 NY2d 303, 308; *see also, S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 445).

The Supreme Court providently exercised its discretion in granting the plaintiff's motion to disqualify John R. Lewis as counsel for the defendant Municipal Information Services, Inc., as the plaintiff met its burden of showing that disqualification was warranted based upon a conflict of interest (*see, Olmoz v Town of Fishkill, supra*). Ritter, J. P., McGinity, H. Miller and Townes, JJ., concur.