Matter of J.R.M. v P.A.M. (2004 NY Slip Op 51168(U))

[*1]

Matter of J.R.M. v P.A.M.

2004 NY Slip Op 51168(U)

Decided on June 21, 2004

Family Court, Nassau County

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 21, 2004

Family Court, Nassau County
In the Matter of a Proceeding for Support Under Article 4 of the Family Court Act J.R.M., , Petitioner,
against
P.A.M.,
Under Article 4 of the Family Court Act F-09760-03

Richard S. Lawrence, J.
Several of the issues presented in the underlying Objections appear to be of first impression.
The above-named Petitioner, having filed a petition sworn to on July 31, 2003, seeking to modify an order dated January 19, 2001, and the Petitioner having filed a motion to disqualify counsel for the Respondent, on December 10, 2003, and
The motion having duly come on to be heard before a Support Magistrate of this Court, and the Support Magistrate having entered an Order on Motion, on March 5, 2004,
And specific written Objections to said Order on Motion having been filed with this [*2]Court by Petitioner after entry of said Order, and this Court having reviewed the Objections filed herein, the Court makes the following findings.
A Support Magistrate in the Family Court is empowered by the Family Court Act (hereafter FCA) § 439(a), "... to hear, determine and grant any relief within the powers of the court in any proceeding under this article..." with only specific statutory exceptions such as "... issues of contested paternity, custody, visitation including visitation as a defense, and orders of protection or exclusive possession of the home...". Therefore, the Support Magistrate, pursuant to statute, has the authority to decide the motion to disqualify the attorney for the Respondent.
The next procedural issue to be determined concerns whether or not "Objections" may be properly filed after a decision on a motion that is not the final disposition of the case. FCA § 439(e) provides that "The determination of a Support Magistrate shall include findings of fact and a final order (emphasis added) ... Specific written objections
to such order may be filed by either party..." Based upon the fact that the statute is silent regarding any possible exceptions to the "final order" requirement of FCA § 439(e), the Court has reviewed the Civil Practice Law and Rules (hereafter CPLR), and finds
pursuant to CPLR § 5701(a)(v) that the Order on Motion is subject to the Court's review prior to the hearing scheduled on the matter because it "affects a substantial right" of the Respondent, ie., the right to be represented by counsel of her own choice.
It would certainly be an incredible waste of judicial resources and those of the parties if the entire hearing before the Support Magistrate had to be remanded if it were later determined that the Respondent was denied the right to be represented by counsel of her own choosing.
Based upon the above determinations, the Court will now review the decision on the motion which is the basis of the "Objection," ie., whether or not the Support Magis-trate erred in disqualifying the attorney for the Respondent-Mother.
The undisputed facts are as follows: the parties commenced a divorce proceeding that was ultimately settled before Justice Anthony Falanga on April 1, 2000. Also not in dispute are the facts that each party was represented by private counsel and that the settlement followed approximately 10 days of trial.
The issue that is in dispute concerns the nature and extent of the services rendered by A.B.C., Esq., regarding the negotiations that occurred which resulted in a Stipulation of Settlement that was entered into by the parties and spread upon the record by Mr. A.B.C..
The transcript of the proceedings on April 1, 2000, at page 2, quotes the Court: "...Mr. A.B.C. is, in effect, appearing on behalf of both sides in connection with his attempt, which apparently has been successful, to mediate a settlement." And at page 3, "... both of your clients [*3]agree Mr. A.B.C. will be involved in the negotiation ..." The transcript, however, does not reflect the nature or extent of any mediation or negotiations.
At pages 16 and 17 of the transcript, there are discussions of future negotiations between Mr. A.B.C. and the parties, where the parties agree to permit Mr. A.B.C. to ultimately decide issues concerning the responsibility over prior taxes and the division of the parties' furniture as well as Mr. A.B.C.'s offer to assist the Father and his prior attorney to negotiate the amount due to a physician for a bill for services that the Father had already been ordered by the court to pay.
Mr. A.B.C. insists that he was never asked to perform any of these other services offered in the stipulation, and the Petitioner-Father does not allege that he had any future contact with Mr. A.B.C., except two letters sent to all parties and attorneys regarding adjourned dates in the Supreme Court matter.
The Respondent-Mother, her prior attorney and Mr. A.B.C. insist, by affidavit and affirmations, that there were never any private or privileged conversations between Mr.
A.B.C. and any of the parties or attorneys. In his Motion the Petitioner-Father makes a single, broad allegation that he did have private and privileged conversation(s) with Mr. A.B.C. and that he did give Mr. A.B.C. confidential and privileged information at the time the settlement was negotiated.

The disqualification of an attorney is a matter that rests within the sound discretion of the court (see Horn v. Municipal Information Servs., 282 AD2d, 712, 724 NYS2d 320). A party seeking disqualification of an adversary's lawyer under the Code of Professional Responsibility DR 5-108(A)(1) (22 NYCRR 1200.27[A][1]) must prove '(1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse.' Nationwide Associates, Inc. v. Targee Street Internal Medicine Group, P.C. , 303 AD2d 728 (2nd Dept., 2003).
In this matter before the Court, it is unchallenged that the present and "former" clients are materially adverse and that the issue before the Support Magistrate is substantially related to the matters settled before Justice Falanga. This Court now must decide whether or not there was a prior attorney-client relationship between Mr. A.B.C. and the husband in the matrimonial action, and what action, if any, this Court should take under the circumstances presented.
"A party's entitlement to be represented in ongoing litigation by counsel of its own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted." Horn v. Municipal Information Services, Inc., 282 AD2d
712 (2nd Dept., 2001).
"The critical issue here, moreover, is not the actual or probable betrayal of confidences, but the mere appearance of impropriety and conflict of interest (Code of Professional Responsibility, Cannon 9)." Hof v. Hof, 102 AD2d 591 (2nd Dept., 1984).
[*4]
In addition, the Petitioner here is "entitled to freedom from apprehension and to certainty that [his] interests will not be prejudiced." Nationwide Associates v. Targee, supra .
In addition to the statutory and case law rationale supporting a determination that counsel for the Mother should be disqualified, the Court has reviewed several Opinions issued by the New York State and New York City Bar Associations by their respective Committees on Professional Ethics. Ethical Opinions are not "law," but they do reflect the standards that all attorneys should strive for in their ethical pursuit of the practice of law.
While the Court has not found an opinion that is directly on point on all issues, it has been opined that ". . . a lawyer may serve in the capacity of an 'impartial arbitrator or mediator' even for present or former clients provided the lawyer makes appropriate disclosures and thereafter declines to represent any of the parties in the dispute." The Association of the Bar of the City of New York Comm. on Professional Ethics, Op. 80-23.
In discussing the pitfalls of dual representation and recognizing the complex and conflicting interests in matrimonial disputes, the opinion goes on to list the seven (7)
requirements for attorneys who may participate in divorce mediation. The seventh rule states that ". . . the lawyer may not represent either of the parties in any subsequent legal proceedings relating to the divorce." Opinion 80-23, supra .
The Respondent further asserts that if disqualification were determined to be the proper outcome, the Court should consider erecting a "Chinese wall" to insulate the pending case from any direct personal contact with Mr. A.B.C. It appears from the case law that this is a remedy to be used only when it is certain that there will be no conflict or "contamination." Henry Kassis v. Teacher's Insurance and Annuity Association, 93 NY2d 611 (1999). While the Court in no way intends to disparage Mr. A.B.C. or his firm, and in fact commends him for his services before Justice Falanga, it is clear that the Petitioner would never feel assured that there was no contact in this matter, due to the relatively small size of the law firm and the fact that many would see Mr. A.B.C. as "the firm."
NOW, after examination and inquiry into the facts and circumstances of the case, the Court finds that the Support Magistrate had the authority to make a determination regarding the disqualification of counsel; that it is appropriate for Objections to be filed regarding a decision on a motion to disqualify an attorney; that the Support Magistrate did not err by disqualifying counsel based upon all the facts; and that it is not appropriate, in
this case, to erect a "Chinese wall" to insulate the disqualified attorney from the rest of his firm in order to permit the firm to continue to represent the Respondent.
[*5]
Based upon all the foregoing, it is hereby
ORDERED that the objections are denied in all respects
This matter is respectfully referred to the Support Magistrate for further proceedings on the underlying petition on July 15, 2004.
PURSUANT TO SECTION 1113 OF THE FAMILY COURT ACT. AN APPEAL
FROM THIS ORDER MUST BE TAKEN WITHIN 30 DAYS OF RECEIPT OF
THE ORDER BY APPELLANT IN COURT, 35 DAYS FROM THE DATE OF
MAILING OF THE ORDER TO APPELLANT BY THE CLERK OF THE
COURT, OR 30 DAYS AFTER SERVICE BY A PARTY OR THE LAW
GUARDIAN UPON THE APPELLANT, WHICHEVER IS EARLIEST.
ENTER
 HON. RICHARD S. LAWRENCE
 J.F.C.
Dated: June 21, 2004.
Check applicable box:
 Order mailed on [specify date(s) and to whom mailed: 
 Order received in court on [specify date(s) and to whom given]