■ JEANNE M. O'CONNOR, Appellant, v ANTHONY N. LOPANE et al., Respondents, et al., Defendant. [805 NYS2d 125]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Westchester County (Jamieson, J.), entered September 22, 2004, which granted the motion of the defendants Anthony N. Lopane and Anthony Lopane Enterprises, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed, with costs.

The plaintiff's vehicle collided with a construction truck owned by the defendant Anthony Lopane Enterprises, Inc., as the truck made a left turn from Mamaroneck Road onto Sheldrake Road. The defendants Anthony N. Lopane and Anthony Lopane Enterprises, Inc., made a prima facie showing that the plaintiff was negligent as a matter of law based on the deposition testimony of the parties that the accident occurred when the plaintiff drove her vehicle across a double yellow line and then proceeded east in the westbound lane of Mamaroneck Road in violation of Vehicle and Traffic Law § 1126 (a) in an attempt to pass the respondents' truck (*see Foster v Sanchez*, 17 AD3d 312 [2005]; *Marsicano v Dealer Stor. Corp.*, 8 AD3d 451 [2004]; *Gadon v Oliva*, 294 AD2d 397 [2002]). In opposition, the plaintiff failed to raise a triable issue of fact as to the respondents' comparative negligence. Instead, the plaintiff merely alleged, unsupported by any evidence, that the driver of the respondents' truck could have taken some unspecified action to avoid the accident or somehow contributed to its cause (*see Eichenwald v Chaudhry*, 17 AD3d 403 [2005]; *Stoebe v Norton*, 278 AD2d 484 [2000]). Accordingly, the Supreme Court properly determined that the plaintiff's negligence was the sole proximate cause of the accident and awarded summary judgment to the defendants. Florio, J.P., H. Miller, Spolzino and Dillon, JJ., concur.