■ CARL T. RUTHINOSKI, Appellant, v JOHN R. BRINKMAN, Respondent. [882 NYS2d 165]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Suffolk County (Pines, J.), dated May 9, 2008, as granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

This appeal arises out of a collision between a motorcycle operated by the plaintiff and a minivan operated by the defendant, which occurred on Peconic Lane in Peconic, a roadway with two lanes of travel, one in each direction, separated by a double yellow line.

According to the plaintiff, his motorcycle came up behind the defendant's minivan, which was either stopped or moving very slowly. The minivan accelerated to approximately 30 miles per hour, and then gradually came to a complete stop. The minivan's turn signal was not activated. After the minivan had been stopped for about five seconds, the plaintiff accelerated, crossed over into the other lane, and attempted to pass the minivan on the left. As he did so, the minivan began making a left turn. The plaintiff braked hard and was ejected from the motorcycle, which flipped over the plaintiff and struck the side of the minivan.

According to the defendant, he never came to a full stop on Peconic Lane. Rather, he was driving slowly, looking for his destination, and when he spotted it, he activated his turn signal and made a left turn. As he was making the turn, his minivan was struck by a motorcycle. The defendant did not see the motorcycle prior to the collision.

The plaintiff commenced this personal injury action against the defendant. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We reverse.

The defendant failed to establish his prima facie entitlement to judgment as a matter of law. Although the defendant established that the plaintiff's act of crossing over a double yellow line into an opposing lane of traffic was negligent as a matter of law (*see* Vehicle and Traffic Law § 1126 [a]; *O'Connor v Lopane*, 24 AD3d 426 [2005]), the defendant did not demon-

strate that the plaintiff's conduct was the sole proximate cause of the accident (*see Exime v Williams*, 45 AD3d 633 [2007]; *cf. O'Connor v Lopane*, 24 AD3d at 426). Viewing the evidence submitted in support of the defendant's motion in the light most favorable to the nonmoving party (*see Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 105-106 [2006]; *Marine Midland Bank v Dino & Artie's Automatic Transmission Co.*, 168 AD2d 610 [1990]), there is a triable issue of fact as to whether any comparative negligence on the defendant's part contributed to the accident (*see Eastmond v Wen Po Wong*, 300 AD2d 344 [2002]; *Batal v Associated Univs.*, 293 AD2d 558, 560 [2002]). Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied. Prudenti, P.J., Miller, Eng and Belen, JJ., concur.