HELENE SCOPIN, Respondent, v SONNIE LEROY GOOLSBY et al., Appellants. (Action No. 1.) SYNDEE KELLY, Respondent, v SONNIE LEROY GOOLSBY et al., Appellants. (Action No. 2.) [930 NYS2d 639]—

On January 9, 2008, a collision occurred in Rockville Centre between a vehicle driven by Helene Scopin and a bus owned by the defendant Metropolitan Suburban Bus Authority and operated by the defendant Sonnie Leroy Goolsby (hereinafter together the bus defendants). Syndee Kelly was a passenger in Scopin's vehicle. Both vehicles were proceeding northbound on South Park Avenue, and Scopin tried to pass the bus by driving her vehicle around it.

A few days after the incident, Scopin and Kelly met with an attorney from the law firm of Gruenberg & Kelly, P.C. (hereinafter the Gruenberg firm). During this meeting Scopin was advised that the Gruenberg firm could not file a summons and complaint representing both her and Kelly in an action against the bus defendants, and that she would have to retain counsel of her own. Nevertheless, the Gruenberg firm served a notice of claim on behalf of both Kelly and Scopin, identifying itself as their attorneys. Scopin later retained separate counsel.

In or about August 2008, Scopin, represented by attorney Matthew T. Fella, and Kelly, represented by the Gruenberg firm, commenced actions No. 1 and No. 2, respectively, against the Metropolitan Suburban Bus Authority and Goolsby. In their answer to Scopin's complaint, the bus defendants raised as an affirmative defense that the collision had been caused by Scopin. The bus defendants pleaded a similar affirmative defense in their answer in action No. 2. In October 2009 the bus defendants moved to disqualify the Gruenberg firm from representing any party in the actions. In opposition, Kelly submitted, among other things, an affidavit from Scopin, sworn to on November 10, 2008, asserting that during her consultation with the Gruenberg firm, she "did not reveal any information, details or confidences that would be a detriment to the prosecution of [her] separate action as a plaintiff, nor [did she] believe that any actual or apparent conflict of interest exist [ed] from [her] consultation with [the Gruenberg firm]." Kelly submitted an affidavit sworn to on November 7, 2008, in which she stated that she had instructed the Gruenberg firm not to name Scopin as a defendant in action No. 2, and that she adhered to that position even after its legal ramifications were explained to her. In January 2010 the Supreme Court denied the bus defendants' motion to disqualify the Gruenberg firm. In an order entered March 16,

2010, the Supreme Court granted Kelly's motion for leave to amend the complaint in action No. 2 to add Scopin as a defendant. Thereafter, Scopin moved, inter alia, to disqualify the Gruenberg firm in action No. 2 on the ground that the firm had a conflict of interest. The Supreme Court denied that branch of Scopin's motion.

"Although '[a] party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged,' such right will not supersede a clear showing that disqualification is warranted" (*Matter of Marvin Q.*, 45 AD3d 852, 853 [2007], quoting *Campolongo v Campolongo*, 2 AD3d 476, 476 [2003]; *see Greene v Greene*, 47 NY2d 447, 453 [1979]; *Matter of Astor Rhinebeck Assoc., LLC v Town of Rhinebeck*, 85 AD3d 1160, 1161 [2011]; *Horn v Municipal Info. Servs.*, 282 AD2d 712 [2001]). "[A] party seeking disqualification of its adversary's lawyer must prove: (1) the existence of a prior attorney-client relationship between the moving party and opposing counsel, (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (*Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123, 131 [1996]; *see* Rules of Professional Conduct [22 NYCRR 1200.0] rule 1.9 [a]; *Falk v Chittenden*, 11 NY3d 73, 78 [2008]; *Jamaica Pub. Serv. Co. v AIU Ins. Co.*, 92 NY2d 631, 636 [1998]). Here, Scopin and Kelly met with the Gruenberg firm shortly after the incident, and that firm served a notice of claim on Scopin's behalf, identifying itself as her attorney. Although Kelly originally instructed the Gruenberg firm not to name Scopin as a defendant in action No. 2, she later changed her position and an amended complaint was filed naming Scopin as a defendant. Scopin thus established that the interests of the Gruenberg firm's current client, Kelly, were now in direct conflict with those of its former client, Scopin. Under these circumstances, it was an improvident exercise of discretion for the Supreme Court to deny that branch of Scopin's motion which was to disqualify the Gruenberg firm (*see Horn v Municipal Info. Servs.*, 282 AD2d at 712; *cf. Zutler v Drivershield Corp.*, 15 AD3d 397 [2005]).

The Supreme Court, however, properly denied those branches of the bus defendants' motion which were for summary judgment dismissing the complaint in action No. 1 and dismissing the complaint in action No. 2 insofar as asserted against them. In support of those branches of their motion, the bus defendants submitted evidence that Scopin drove her car across a double yellow line in order to pass the bus. The bus defendants

failed, however, to establish, prima facie, that if Scopin were negligent in the operation of her vehicle, such negligence was the sole proximate cause of the collision. Specifically, the bus defendants failed to establish, prima facie, that Goolsby was free from negligence in his operation of the bus and that negligence on his part was not also a proximate cause of the collision (*see Ruthinoski v Brinkman*, 63 AD3d 900, 901-902 [2009]; *cf. O'Connor v Lopane*, 24 AD3d 426 [2005]).

The parties' remaining contentions either are without merit or need not be addressed in light of the foregoing. Rivera, J.P., Balkin, Hall and Cohen, JJ., concur.