Sakandar v American Tr. Ins. Co. (2023 NY Slip Op 03501)

Sakandar v American Tr. Ins. Co.

2023 NY Slip Op 03501

Decided on June 28, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 28, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
REINALDO E. RIVERA
LARA J. GENOVESI
JANICE A. TAYLOR, JJ.

2020-09637
 (Index No. 707562/16)

[*1]Iqbal Sakandar, appellant, 
v
American Transit Insurance Company, respondent.

The Law Office of Jason Tenenbaum, P.C., Garden City, NY, for appellant.
Short & Billy, P.C. (Andrew S. Midgett, Skip Short, and Greenberg Traurig, New York, NY [James W. Perkins], of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover no-fault insurance benefits for lost wages, the plaintiff appeals from an order of the Supreme Court, Queens County (Frederick D.R. Sampson, J.), entered December 8, 2020. The order, insofar as appealed from, granted that branch of the defendant's motion which was to disqualify the plaintiff's counsel, The Law Office of Jason Tenenbaum, P.C.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2019, the plaintiff commenced this action against the defendant insurance company, inter alia, to recover no-fault benefits for lost wages. The principal of nonparty The Law Office of Jason Tenenbaum, P.C., counsel for the plaintiff (hereinafter counsel for the plaintiff), had previously represented the defendant in hundreds of no-fault actions. The defendant moved, among other things, to disqualify counsel for the plaintiff from representing the plaintiff in this action based upon Tenenbaum's prior representation of the defendant. In an order entered December 8, 2020, the Supreme Court, inter alia, granted that branch of the defendant's motion which was to disqualify counsel for the plaintiff. The plaintiff appeals. We affirm.
"The disqualification of an attorney is a matter that rests within the sound discretion of the court" (Delaney v Roman, 175 AD3d 648, 649 [internal quotation marks omitted]; see Albert Jacobs, LLP v Parker, 94 AD3d 919, 919). Although a party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right, that right "will not supersede a clear showing that disqualification is warranted" (Matter of Marvin Q., 45 AD3d 852, 853; see Scopin v Goolsby, 88 AD3d 782, 784). "A party seeking disqualification of its adversary's counsel based on counsel's purported prior representation of that party must establish (1) the existence of a prior attorney-client relationship between the moving party and . . . opposing [counsel], (2) that the matters involved in both representations are substantially related, and (3) that the interests of the present client and former client are materially adverse" (Delaney v Roman, 175 AD3d at 649 [internal quotation marks omitted]; see Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d 123, 131). Any doubts as to the existence of a conflict of interest must be resolved in favor of disqualification so as to avoid even the appearance of impropriety (see Delaney v Roman, 175 AD3d at 649; Janczewski v Janczewski, 169 AD3d 773, 774).
Here, the defendant established that counsel for the plaintiff had a prior attorney-client relationship with the defendant, that the issues involved in his prior representation of the defendant were substantially related to the issues involved in his firm's current representation of the plaintiff, and that the interests of the plaintiff and the defendant were materially adverse (see Rules of Prof Conduct [22 NYCRR 1200.0] rule 1.9; Delaney v Roman, 175 AD3d at 650).
Accordingly, the Supreme Court providently exercised its discretion in granting that branch of the defendant's motion which was to disqualify counsel for the plaintiff from continuing to represent the plaintiff in this action.
DUFFY, J.P., RIVERA, GENOVESI and TAYLOR, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court