Abdiev v Struett (2025 NY Slip Op 07264)

Abdiev v Struett

2025 NY Slip Op 07264

Decided on December 24, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 24, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LINDA CHRISTOPHER
LILLIAN WAN
PHILLIP HOM, JJ.

2024-05644
 (Index No. 508202/22)

[*1]Mashrab Abdiev, appellant, 
v
Mary A. Struett, respondent.

Harmon, Linder & Rogowsky (Mitchell Dranow, Sea Cliff, NY, of counsel), for appellant.
McCarthy & Associates, Melville, NY (Erin M. Crowley of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Richard Velasquez, J.), dated February 21, 2024. The order granted the defendant's motion for summary judgment dismissing the complaint.
ORDERED that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.
The plaintiff commenced this action, inter alia, to recover damages for personal injuries he allegedly sustained when the front passenger side of his vehicle collided with the rear driver's side of the defendant's vehicle. The defendant moved for summary judgment dismissing the complaint, contending that the plaintiff's negligent operation of his vehicle was the sole proximate cause of the accident. In an order dated February 21, 2024, the Supreme Court granted the defendant's motion. The plaintiff appeals.
"There can be more than one proximate cause of an accident" (Cox v Nunez, 23 AD3d 427, 427). Hence, "[a] defendant moving for summary judgment in a negligence action has the burden of establishing, prima facie, that he or she was not at fault in the happening of the subject accident" (Boulos v Lerner-Harrington, 124 AD3d 709, 709).
Here, viewing the evidence in the light most favorable to the plaintiff as the nonmoving party (see Murray v Community House Hous. Dev. Fund Co., Inc., 223 AD3d 675, 676-677), the defendant failed to establish her prima facie entitlement to judgment as a matter of law dismissing the complaint. In support of her motion, the defendant submitted, among other things, transcripts of her deposition testimony and the plaintiff's deposition testimony. At his deposition, the plaintiff testified that he was traveling straight when he saw the defendant's vehicle stopped on the right side of the paved roadway with its hazard lights activated. As the plaintiff was attempting to pass the defendant's vehicle on the left, the defendant's vehicle began to move to the left, causing the collision. At her deposition, the defendant testified that she brought her vehicle to a stop in the middle of her lane of traffic because she had missed a turn. To make her way back to the intersection that she missed, the defendant turned on her left turn signal to enter a private driveway. While she was turning, the plaintiff's vehicle crossed the double yellow line, and the front passenger side of [*2]the plaintiff's vehicle struck the rear driver's side of her vehicle. The defendant testified that she never saw the plaintiff's vehicle prior to the impact. The defendant also submitted video footage of the incident captured by the plaintiff's dash camera, which is poor in quality and does not fully corroborate either parties' testimony as to the happening of the accident. Therefore, given the conflicting testimony as to the facts surrounding the accident, the evidence submitted by the defendant in support of her motion failed to demonstrate, prima facie, that the defendant was not at fault in the happening of the accident (see Joseph v Kelly, 178 AD3d 1028, 1030; Ruthinoski v Brinkman, 63 AD3d 900, 901).
Since the defendant failed to meet her initial burden as the movant, the Supreme Court should have denied her motion for summary judgment dismissing the complaint without regard to the sufficiency of the plaintiff's opposition papers (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
In light of our determination, it is not necessary to address the plaintiff's remaining contention.
DILLON, J.P., CHRISTOPHER, WAN and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court