■ EZRASONS, INC., et al., Appellants-Respondents, v AMERICAN CREDIT INDEMNITY COMPANY, Respondent-Appellant. [683 NYS2d 264] —Order, Supreme Court, New York County (Herman Cahn, J.), entered on or about June 16, 1998, which, insofar as appealed from, denied defendant's cross motion for summary judgment to the extent addressed to the first cause of action, and granted it to the extent addressed to the second and fourth causes of action, unanimously affirmed, with costs.

Plaintiffs Ezrasons, Inc. (Ezrasons) and Liber Textiles, Inc. (Liber) held credit insurance policies issued by defendant insurer, Ezrasons for the one-year period starting October 1, 1995, and Liber for the one-year period starting January 1, 1996. Each plaintiff represented on the application for such policies that at the time of the application it had no "Outstandings more than 60 days past due under original terms of sale" and no "Outstandings under general extension". Unbeknownst to defendant at the time it issued the policies, plaintiffs had entered into agreements with their customer Kenneth Gordon New Orleans, Ltd. (Gordon) in November 1994, providing that plaintiffs' normal terms of sale (net 60 days) would be extended by 120 days on sales to Gordon for a two-year period, with invoices continuing to reflect payment due after 60 days for purposes of interest calculation.

Gordon became insolvent within the meaning of plaintiffs' policies in January 1996, and, on or about January 19, 1996, plaintiffs submitted their claims based on losses on sales to Gordon, which defendant rejected. It is undisputed that all sales on which the claims at issue on this appeal are based were invoiced while the November 1994 agreement with Gordon was in effect. Defendant asserts, *inter alia*, that plaintiffs induced it to issue the policies in question by misrepresentation, i.e., by failing to disclose the existence of their November 1994 agreement with Gordon in their respective applications.

The first cause of action, which is asserted by Ezrasons to recover on its claim for losses on its sales to Gordon, was properly sustained on the ground that pertinent terms in the questions in the application to which Ezrasons allegedly gave misleading answers are sufficiently ambiguous to raise triable issues with respect to defendant's affirmative defense of misrepresentation. Specifically, issues of fact exist as to whether the November 1994 agreement set forth the "original terms of sale" on the

relevant sales to Gordon, whether the November 1994 agreement constituted a "general extension", and whether the term "Outstandings" includes interest charges, of which $4,030.23 were concededly more than 60 days past due under the terms of the November 1994 agreement at the time of Ezrasons' application.

The second and fourth causes of action, which are asserted by Liber, were properly dismissed on the ground that the policy expressly provides that it affords no coverage for losses occurring prior to payment of the premium, and it is undisputed that Liber failed to tender a check in payment of the premium until March 25, 1996, more than two months after the loss occurred. Defendant returned Liber's check on or about April 8, 1996. Liber's argument that it and defendant orally modified the policy to delete this term, based on defendant's request for payment of the premium and Liber's tender thereof after submission of the Gordon claim, is unavailing. The agent with whom Liber dealt, whose authority was clearly and unambiguously limited by the express terms of the policy, was unauthorized to make any alteration to the policy or waive any of its provisions (*see, DiGrazia v United States Life Ins. Co.*, 170 AD2d 246, 247-248). Moreover, the conduct alleged to give rise to the oral modification is not "unequivocally referable" to an intent to modify the provision in question (*cf., Rose v Spa Realty Assocs.*, 42 NY2d 338, 343-344). Nor can Liber predicate an estoppel on defendant's practice of requesting and accepting late payment of premiums on policies for preceding years (*see, Brecher v Mutual Life Ins. Co.*, 120 AD2d 423, 426), especially given that the policy sued upon was delivered to Liber with a letter from the agent warning that "[i]f any account named in the policy files for bankruptcy prior to [defendant] receiving payment in full, *you are not* covered" (emphasis in original).

In view of the foregoing, it is unnecessary to consider defendant's other arguments for dismissing the second cause of action, and we have considered and rejected Liber's other arguments in support of the second cause of action.

The fourth cause of action, by Liber for breach of the implied covenant of good faith and fair dealing arising from its policy, was properly dismissed as redundant of the second cause of action for breach of contract and as legally insufficient, inasmuch as Liber has failed to allege that it was deprived of any right under the policy (*see, Jaffe v Paramount Communications*, 222 AD2d 17, 22-23). Concur—Rosenberger, J. P., Nardelli, Williams and Rubin, JJ.