■ In the Matter of JOACHIM W. Voss et al., Respondents, and ROBERT V. CLAUSELL, Appellant, v 87-10 51ST AVENUE OWNERS CORP. et al., Respondents. [740 NYS2d 371] —In a proceeding, inter alia, to validate the election of officers of a residential cooperative corporation, the petitioner Robert Valdes Clausell appeals, as limited by his brief, from stated portions of a judgment of the Supreme Court, Queens County (Mattone, R.), dated November 27, 2000, which, inter alia, is in favor of 87-10 51st Avenue Owners Corp. and against him in the principal sum of $224,832.

Ordered that the judgment is affirmed insofar as appealed from, with costs.

This proceeding was commenced in 1992, inter alia, to resolve a disputed election for members of the board of directors of the respondent 87-10 51st Avenue Owners Corp., a residential cooperative corporation (hereinafter the co-op). The appellant Robert Valdes Clausell, a director of the co-op, intervened in the proceeding in 1998 after a dispute with other directors. The matter was referred to a Referee, and in a so-ordered stipulation signed in May 1998 by, among others, Clausell's attorney, the Referee was authorized to hear and determine all issues in this matter. In that stipulation, the parties agreed that all claims as to the 1992 election were resolved except for money damages, and that each party was "deemed to have demanded a full accounting, with respect to each parties' actions as an Officer, Director, Employee, or Spon-

sor of the [co-op]." After many hearings, the Referee issued a decision dated October 10, 2000, finding, among other things, that Clausell was the de facto manager of the co-op from May 1992 to January 1998, controlling most of the co-op's decision making. The Referee determined that Clausell's actions, which were characterized in part as grossly negligent, caused the co-op to incur certain expenses, and that he was liable to the co-op in the principal sum of $224,832. A judgment was entered thereon.

Clausell does not raise on appeal any issue as to the sufficiency of the evidence that his actions caused the co-op to incur the expenses reflected in the judgment. Clausell contends that the Referee, in an order dated August 29, 2000, improperly precluded him from any further participation in the proceedings. A referee has the authority to "regulate the conduct of the trial in order to achieve a speedy and unprejudiced disposition of the matters at issue in a setting of proper decorum" (CPLR 4011). We conclude that this sanction was appropriate given Clausell's refusal to testify, even though he had ample notice of the date he was required to testify and the Referee had accommodated his previous requests for adjournments (see Diocese of Buffalo v McCarthy, 91 AD2d 213, 220). The Referee's decision provides ample evidence that Clausell's conduct was willful and was intended to delay the proceedings (cf. Bodine v Ladjevardi, 284 AD2d 351).

Clausell argues that his refusal to testify was justified because he was not given the requisite notice for the taking of a deposition. As he had participated in hearings before the Referee for over two years, Clausell's contention, that the parties were engaged only in pretrial discovery and thus he was entitled to reschedule his "deposition," is without merit. Similarly, Clausell's contentions that he was not provided sufficient notice of the issues before the Referee and that the Referee exceeded his authority are also without merit (see Goldstein v Sokel, 194 AD2d 518; CPLR 4301).

Clausell's contentions with respect to so much of an order dated December 20, 1999, as postponed the election of the co-op's board of directors are academic, as the election was held in October 2000.

By order dated February 3, 1999, Clausell's motion to disqualify the attorney for the co-op and the petitioners Joachim W. Voss, Lauren Lekoski, Ashok Gaba, and Liisa Lunden was denied. Clausell argued that such representation created a conflict of interest, and further, that the attorney had previously represented him. In 1993 certain petitioners who

were represented by the attorney and were also members of the co-op's board of directors retained the attorney to represent the co-op in this matter. Clausell failed to establish that the interests of those petitioners and the co-op were adverse. In addition, he failed to establish that the issues involved in the attorney's previous representation of him and this matter were substantially related (*see Solow v Grace & Co.,* 83 NY2d 303, 308). It can be inferred that the motion to disqualify was made to secure a tactical advantage, as it was made in the midst of litigation, and as Clausell knew of the attorney's representation well before he made the motion (*see Harnett v Long Is. Jewish-Hillside Med. Ctr.,* 215 AD2d 726; *H.H.B.K. 45th St. Corp. v Stern,* 158 AD2d 395).

Clausell's remaining contentions, including those concerning the order dated September 28, 1999, do not require reversal. Ritter, J.P., O'Brien, Crane and Cozier, JJ., concur.