■ IOLANTA CAMPOLONGO, Plaintiff, v SERGIO CAMPOLONGO, Appellant. IRWIN WEISBERG, Nonparty Respondent. [768 NYS2d 498]—

In a matrimonial action in which the parties were divorced by a judgment dated November 16, 2001, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Fitzmaurice, J.), dated September 19, 2002, as granted those branches of the Law Guardian's motion which were to disqualify the defendant's attorney and preclude the defendant from using a psychiatrist's report and testimony as evidence in the pending custody dispute.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that the disqualification of an attorney is a matter which rests within the sound discretion of the court (*see Olmoz v Town of Fishkill*, 258 AD2d 447 [1999]; *Fischer v Deitsch*, 168 AD2d 599 [1990]). A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted (*see Olmoz v Town of Fishkill, supra),* and the movant bears the burden on the motion (*see Tekni-Plex, Inc. v Meyner & Landis,* 89 NY2d 123, 131 [1996]; *Solow v Grace & Co.,* 83 NY2d 303, 308 [1994]; *S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 445 [1987]).

Here, the defendant's attorney violated Code of Professional Responsibility DR 7-104 (A) (1) (*see* 22 NYCRR 1200.35 [a] [1]) by allowing a psychiatrist, that he caused the defendant father to retain, to interview the subject child regarding the pending custody dispute and to prepare a report without the Law Guardian's knowledge and consent. The appointment of a Law Guardian to protect the interests of a child creates an attorney-client relationship, and the absence of the Law Guardian at the subject interview constituted a denial of the child's due process rights (*see Matter of Samuel H.,* 208 AD2d 746, 747 [1994]; *see*

*also* Family Ct Act § 241). Further, while the Supreme Court previously appointed a psychologist to conduct a forensic examination of the child and the parties herein, the defendant's attorney failed to seek court permission for an additional forensic evaluation, and also failed to inform the attorney for the plaintiff of the interview by the defendant's psychiatrist.

Under the circumstances of this case, the Supreme Court providently exercised its discretion in granting those branches of the Law Guardian's motion which were to disqualify the defendant's attorney and to preclude him from using the psychiatrist's report and testimony as evidence in the pending custody dispute. Friedmann, J.P., H. Miller, Townes and Cozier, JJ., concur.