In the Matter of JOSEPH J. CAREY, Respondent, v ANNE C. CAREY, Appellant. (And Another Related Proceeding.) [788 NYS2d 210]—

Carpinello, J. Appeal from an order of the Family Court of Saratoga County (Abramson, J.), entered March 29, 2004, which, in two proceedings pursuant to Family Ct Act articles 4 and 6, inter alia, granted petitioner's motion to disqualify respondent's counsel.

Respondent's attorney, Paul Van Ryn, was properly disqualified from representing her in the instant proceedings for child support and custody. The record confirms that Van Ryn accompanied his client on a visit to the marital residence knowing that petitioner would be physically present and despite clear protestations to this conduct from petitioner's counsel. The purported purpose of this visit was to retrieve certain personal property, inspect the house and make a photographic "record" of the visit if necessary. While there, Van Ryn not only communicated with petitioner, but a dispute arose warranting police intervention. Notably, a police report filed as a result of the incident indicates that Van Ryn was "verbally abusive and confrontational with [petitioner]."

Under these circumstances, we are unable to conclude that Family Court abused its sound discretion in disqualifying Van Ryn from continuing as respondent's counsel in these proceedings because he violated Code of Professional Responsibility DR 7-104 (a) (1) (22 NYCRR 1200.35 [a] [1]) (see *Campolongo v Campolongo*, 2 AD3d 476 [2003]). We are particularly unpersuaded by Van Ryn's claim that he had "tacit permission" from petitioner's counsel to go to the marital residence that day. The record contains two letters authored by petitioner's attorney wherein she quite clearly objected to Van Ryn's presence at the marital residence.

In the first letter, petitioner's counsel advised Van Ryn that his presence there was "not appropriate" and "will certainly cause discomfort and potentially add great stress to this matter, especially due to [his] personal role in it." In the second letter, petitioner's counsel "again, strongly urge[d] [Van Ryn] to reconsider appearing at the [marital] residence." In both letters, petitioner's counsel suggested an alternative means for Van Ryn's client to obtain her personal property. Moreover, given the fact that the parties were involved in a heated custody dispute wherein respondent was claiming to have been exposed to "tremendous hostility and anger" on petitioner's part, the communications between Van Ryn and petitioner that day were sufficiently related to "the subject of the representation" such that he was properly found to have violated Code of Professional Responsibility DR 7-104 (a) (1) (22 NYCRR 1200.35 [a] [1]).

Respondent's remaining contentions have been reviewed and determined to be without merit.

Crew III, J.P., Peters, Rose and Kane, JJ., concur. Ordered that the order is affirmed, with costs.