■ ANNETTE ARYEH, Respondent, v NATHANIEL ARYEH, Appellant. [788 NYS2d 622]—

In an action for a divorce and ancillary relief, the defendant appeals from an order of the Supreme Court, Nassau County (Diamond, J.), dated June 25, 2004, which denied his motion to disqualify the plaintiff's attorney from representing the plaintiff.

Ordered that the order is affirmed, with costs.

The disqualification of an attorney is a matter which rests within the sound discretion of the court (*see Campolongo v Campolongo,* 2 AD3d 476 [2003]; *Nationwide Assoc. v Targee St. Internal Med. Group,* 303 AD2d 728 [2003]; *Horn v Municipal Info. Servs.,* 282 AD2d 712 [2001]; *Olmoz v Town of Fishkill,* 258 AD2d 447 [1999]). A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted (*see Campolongo v Campolongo, supra; Horn v Municipal Info. Servs., supra; Olmoz v Town of Fishkill, supra*). The party seeking to disqualify a law firm or an attorney bears the burden on the motion (*see Solow v Grace & Co.,* 83 NY2d 303, 308 [1994]).

Under the particular facts of this case, the Supreme Court providently exercised its discretion in denying the defendant's motion to disqualify the plaintiff's attorney from representing the plaintiff since the defendant failed to meet his burden of showing that disqualification was warranted based upon a

conflict of interest (see *Olmoz v Town of Fishkill, supra;* Code of Professional Responsibility DR 5-108 [22 NYCRR 1200.27]). Luciano, J.P., Rivera, Spolzino and Fisher, JJ., concur. [*See* 5 Misc 3d 1005(A), 2004 NY Slip Op 51198(U).]