■ JOSEPH GULINO, Respondent, v JOSEPH A. GULINO et al., Appellants. [826 NYS2d 903]—

In an action, inter alia, to dissolve a partnership and for an accounting, the defendants appeal from so much of an order of the Supreme Court, Richmond County (Giacobbe, J.), dated January 26, 2005, as granted the plaintiff's motion to disqualify the law firm of Howard M. File, Esq. P.C., as their counsel.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and the motion is denied.

A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted (*see Aryeh v Aryeh,* 14 AD3d 634 [2005]; *Dominguez v Community Health Plan of Suffolk,* 284 AD2d 294 [2001]; *Olmoz v Town of Fishkill,* 258 AD2d 447 [1999]). While the right to choose one's counsel is not absolute, disqualification of legal counsel during litigation implicates not only the ethics of the profession but also the parties' substantive rights, thus requiring any restrictions to be carefully scrutinized (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.,* 69 NY2d 437, 443 [1987]). The party seeking to disqualify a law firm or an attorney bears the burden to show sufficient proof to warrant such a determination (*see Aryeh v Aryeh, supra; Petrossian v Grossman,* 219 AD2d 587, 588 [1995]). Whether or not to disqualify an attorney or law firm is a matter which rests in the sound discretion of the court (*see Olmoz v Town of Fishkill,* 258 AD2d 447 [1999]).

Here, the plaintiff failed to sustain his burden of demonstrating that disqualification is warranted (*id.* at 448; *see Petrossian v Grossman,* 219 AD2d 587 [1995]; *Matter of Reichenbaum v Reichenbaum & Silberstein,* 162 AD2d 599, 600 [1990]; *Bison Plumbing City v Benderson,* 281 AD2d 955 [2001]). Krausman, J.P., Spolzino, Lifson and Dillon, JJ., concur.