■ In the Matter of MARVIN Q., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAFAEL Q., Appellant, et al., Respondent. (Proceeding No. 1.) In the Matter of NASHLY Q., an Infant. NASSAU COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent; RAFAEL Q., Appellant, et al., Respondent. (Proceeding No. 2.) [846 NYS2d 356]—

In related child abuse and neglect proceedings pursuant to Family Court Act article 10, Rafael Q., the maternal uncle of the subject children, appeals from an order of the Family Court, Nassau County (Schwartz Zimmerman, J.), dated January 24, 2007, which, inter alia, granted the Law Guardian's motion to disqualify his attorney from representing him in the proceedings.

Ordered that the order is affirmed, with costs.

The disqualification of an attorney is a matter which rests within the sound discretion of the court (*see Campolongo v Campolongo*, 2 AD3d 476 [2003]; *Olmoz v Town of Fishkill*, 258 AD2d 447 [1999]; *Fischer v Deitsch*, 168 AD2d 599 [1990]). Although "[a] party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged," such right will not supersede a clear showing that disqualification is warranted (*Campolongo v Campolongo*, 2 AD3d at 476; *see Horn v Municipal Info. Servs.*, 282 AD2d 712 [2001]).

In the case at bar, the appellant's attorney, whose office represented the appellant in the Family Court, violated Code of Professional Responsibility DR 7-104 (a) (1) (*see* 22 NYCRR 1200.35 [a] [1]) by, without the Law Guardian's knowledge and consent, allowing members of his law firm to interview the subject child and by procuring an affidavit from the child regarding the pending Family Court proceedings. "The appointment of a Law Guardian to protect the interests of a child creates an attorney-client relationship, and the absence of the Law Guardian at the subject interview constituted a denial of the child's due process rights" (*Campolongo v Campolongo*, 2 AD3d at 476; *see also Matter of New York City Dept. of Social Servs. [Luz H.]*, 208 AD2d 746, 747 [1994]; Family Ct Act § 241).

Accordingly, under the circumstances of this case, there was a clear showing that disqualification was warranted. Thus, the Family Court providently exercised its discretion in granting the Law Guardian's motion to disqualify the appellant's counsel. The court also properly precluded use of the child's affidavit in the Family Court proceedings (*see Campolongo v Campolongo*, 2 AD3d at 476).

The appellant's remaining contentions are without merit. Schmidt, J.P., Rivera, Santucci and Balkin, JJ., concur.