■ In the Matter of Brian R. Westchester County Department of Social Services, Respondent; Dalila G.-A. et al., Respondents. J. Henry Neale, Jr., Nonparty Appellant. (Proceeding No. 1.) In the Matter of Jose M. Westchester County Department of Social Services, Respondent; Dalila G.-A. et al., Respondents. J. Henry Neale, Jr., Nonparty Appellant. (Proceeding No. 2.) In the Matter of Leidy M. Westchester County Department of Social Services, Respondent; Dalila G.-A. et al., Respondents. J. Henry Neale, Jr., Nonparty

Appellant. (Proceeding No. 3.) In the Matter of Zuriday M. Westchester County Department of Social Services, Respondent; Dalila G.-A. et al., Respondents. J. Henry Neale, Jr., Nonparty Appellant. (Proceeding No. 4.) [853 NYS2d 565]—

In four related child abuse and neglect proceedings pursuant to Family Court Act article 10, nonparty J. Henry Neale, Jr., appeals from an order of the Family Court, Westchester County (Klein, J.), entered March 23, 2006, which denied his motion to vacate his disqualification as counsel for the father.

Ordered that the order is affirmed, with costs.

The disqualification of an attorney is a matter resting within the sound discretion of the court (see Matter of Marvin Q., 45 AD3d 852 [2007]). "Although '[a] party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged,' such right will not supersede a clear showing that disqualification is warranted" (Matter of Marvin Q., 45 AD3d 852, 853 [2007], quoting Campolongo v Campolongo, 2 AD3d 476 [2003]). Here, the nonparty appellant, who represented the father in this neglect proceeding, communicated with one of the subject children, and used her as an interpreter when speaking with the parties, without the knowledge and consent of the Law Guardian (see Code of Professional Responsibility DR 7-104 [a] [1] [22 NYCRR 1200.35 (a) (1)]). Under such circumstances, there was a clear showing that disqualification was warranted (see Matter of Marvin Q., 45 AD3d 852 [2007]; Matter of Carey v Carey, 13 AD3d 1011, 1012 [2004]; Campolongo v Campolongo, 2 AD3d 476 [2003]). Accordingly, the Family Court providently exercised its discretion in denying the nonparty appellant's motion to vacate his disqualification as counsel for the father. Ritter, J.P., Santucci, Covello and Carni, JJ., concur.