OPINION OF THE COURT
Sylvia O. Hinds-Radix, J.
*624 The law office of Shapiro & Shapiro LLP (the Shapiro firm), moves by order to show cause to be relieved as counsel for plaintiff Stanley Michaels. Counsel states that such relief is being requested due to a conflict of interest. A further request for a reasonable stay of the proceedings is being requested to allow plaintiff to obtain new counsel.
Factual Background
Plaintiff is a tenant of a two-story building located at 3145 Coney Island Avenue, Brooklyn, New York. Plaintiff is also the CEO and president of Ocean Wireless Corp., which operates a retail store at the premises. The Shapiro firm occupies different portions of the ground floor of the building. Saadia Shapiro is the sole principal of the Shapiro firm. The building is owned by Periel Realty LLC of which Saadia Shapiro is also the sole member.
On June 28, 2007, plaintiff retained the Shapiro firm to represent him in a contract dispute with defendant, Alexander Zinger. Plaintiff signed a retainer agreement with the Shapiro firm and paid a fee. Seven months later, on January 2, 2008, Periel Realty, the landlord of the plaintiff, by the Shapiro firm, commenced a summary holdover proceeding against plaintiff in the Civil Court of Kings County, seeking possession of the premises.
The Shapiro firm represents Periel Realty in the holdover proceeding in the Civil Court and also represents plaintiff in the present action in this court.
The Shapiro Law Firm’s Argument
The Shapiro firm now moves by order to show cause to be relieved as counsel for plaintiff in the instant action. In support of its application to be relieved as counsel, the Shapiro firm asserts that it has commenced litigation in the nonhousing part of the Civil Court of the City of New York, County of Kings, against the plaintiff in this action, and, therefore, it has a conflict of interest with the plaintiff. The Shapiro firm now seeks to be relieved as counsel pursuant to Code of Professional Responsibility DR 5-101 (22 NYCRR 1200.20).
Plaintiffs Opposition to the Order to Show Cause
Plaintiff retained Steven Sieratzki, Esq., to represent him in his opposition to the order to show cause to be relieved as counsel filed by the Shapiro firm, as well as in the Civil Court *625 holdover proceeding. In his affirmation in opposition to the Shapiro firm’s order to show cause to be relieved as counsel, Steven Sieratzki points out that the Shapiro firm moved to be relieved as counsel for plaintiff only after plaintiff moved to have the Shapiro firm removed from continued representation of Periel Realty in the holdover proceeding in the Civil Court. Plaintiff asserts that the Shapiro firm should not have agreed to represent Periel Realty in an action against the plaintiff since the Shapiro firm was retained by plaintiff seven months earlier. Plaintiff further argued that by seeking to be relieved as counsel for plaintiff, the Shapiro firm is seeking to have the court allow it to abandon plaintiffs action, knowing that the likelihood of withdrawing from plaintiffs action would prejudice plaintiffs rights.
In reply, the Shapiro firm asserts that plaintiffs opposition is meritless and was made in a bad faith effort to harass the firm. The Shapiro firm also maintains that plaintiff has filed a disciplinary complaint against Mr. Shapiro and that the statements contained therein constitute irrefutable evidence that the attorney-client relationship has broken down beyond repair and has made continued representation of the plaintiff improper.
Conclusion
Code of Professional Responsibility DR 5-101 (22 NYCRR 1200.20) provides that a lawyer shall not accept or continue employment if the exercise of professional judgment on behalf of the client will or may be affected by the lawyer’s own personal interests. The disqualification of an attorney is a matter which rests in the sound discretion of the court (see Campolongo v Campolongo, 2 AD3d 476 [2003]; Nationwide Assoc. v Targee St. Internal Medicine Group, 303 AD2d 728 [2003]). A party’s entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted (see Olmoz v Town of Fishkill, 258 AD2d 447 [1999]). The party seeking to disqualify a law firm or an attorney bears the burden on the motion (see Solow v Grace & Co., 83 NY2d 303 [1994]). Under the circumstances of the instant case, the court finds that the Shapiro firm by its own actions has assisted in creating a situation where its representation of this plaintiff has been compromised. However, in view of the fact that plaintiff has filed a grievance proceeding with the Disciplinary Committee against the Shapiro firm, this court finds it *626 counterproductive to order that the firm continue its representation of the plaintiff.
It is clear from the papers submitted, and from the oral arguments before the court, that the Shapiro firm believes its professional judgment on behalf of the plaintiff will likely be affected by its representation of Periel Realty in the holdover proceeding against the plaintiff, and that this would violate Code of Professional Responsibility DR 5-101 (22 NYCRR 1200.20). This, however, is not the only outstanding issue. There is no question in this court’s mind that the Shapiro firm had sufficient knowledge of the circumstances and should have moved more expeditiously to be relieved as counsel and that its failure to do so prior to the commencement of the holdover proceeding was improper.
To simply relieve the Shapiro firm from representing plaintiff in the instant action and to allow it to continue in a representative capacity in a matter that is adverse to plaintiffs interest after being involved in plaintiffs case for over seven months would prove unfair to the plaintiff and somewhat unethical.
Accordingly, in the interest of justice, the Shapiro firm’s motion to be relieved as counsel for plaintiff in the instant matter is granted. All proceedings in this action are stayed for 60 days from the date of entry of this order to allow plaintiff to retain substitute counsel. If substitute counsel does not file a notice of appearance, plaintiff shall be deemed self-represented at the expiration of the stay, and the clerk shall place the action on the trial calendar.
Additionally, the Shapiro firm is directed forthwith to seek to be relieved as counsel for Periel Realty (themselves) in the summary holdover proceeding against plaintiff in the Civil Court of Kings County. The Shapiro firm shall retain independent counsel and shall not utilize an associate of the Shapiro firm since only one associate is claimed to be utilized.