■ In the Matter of ASTOR RHINEBECK ASSOCIATES, LLC, Respondent, v TOWN OF RHINEBECK et al., Appellants. [925 NYS2d 896]—

In a hybrid proceeding pursuant to CPLR article 78 to review a determination of the Town Board of the Town of Rhinebeck dated December 29, 2009, which adopted the Comprehensive Plan and Zoning Law and action, inter alia, for a judgment declaring that the Comprehensive Plan and Zoning Law are null and void, the appeal is from an order of the Supreme Court, Dutchess County (Brands, J.), dated September 15, 2010, which granted the petitioner/plaintiff's motion to disqualify the attorney for the Town of Rhinebeck and the Town Board of the Town of Rhinebeck.

Ordered that the order is affirmed, with costs.

The disqualification of an attorney is a matter which rests within the sound discretion of the motion court (*see Falk v Gallo*, 73 AD3d 685 [2010]; *Campolongo v Campolongo*, 2 AD3d 476 [2003]; *Olmoz v Town of Fishkill*, 258 AD2d 447 [1999]). Although "[a] party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged," such right will not supersede a clear showing that disqualification is warranted (*Matter of Marvin Q.*, 45 AD3d 852, 853 [2007], quoting *Campolongo v Campolongo*, 2 AD3d at 476; *see Horn v Municipal Info. Servs.*, 282 AD2d 712 [2001]). Under the circumstances here, the Supreme Court providently exercised its discretion in granting the petitioner/plaintiff's motion to disqualify the appellants' attorney (*see Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d 123 [1996]; *M.A.C. Duff, Inc. v ASMAC, LLC*, 61 AD3d 828, 828-830 [2009]; *Columbus Constr. Co., Inc. v Petrillo Bldrs. Supply Corp.*, 20 AD3d 383 [2005]; *Moccia v Weisfogel*, 253 AD2d 800, 801 [1998]). Moreover, contrary to the appellants' contention, the petitioner/plaintiff is not barred from moving to disqualify their attorney by the doctrine of laches (*cf. Natiello v Natiello*, 209 AD2d 389 [1994]). Since the interests of the petitioner/plaintiff and the appellants did not become materially adverse until the commencement of the present litigation, the petitioner/plaintiff could not have sought disqualification at an earlier time (*see Scafuri v DeMaso*, 71 AD3d 755, 756 [2010]; *see generally Tekni-Plex, Inc. v Meyner & Landis*, 89 NY2d at 131). Therefore, there is no basis upon which to conclude that the petitioner/plaintiff inexcusably waited too long to seek disqualification of the appellants' attorney. Skelos, J.P., Leventhal, Austin and Sgroi, JJ., concur.