In the course of this Family Court Act article 6 proceeding, the father and the subject child allegedly experienced difficulty communicating with the caseworker assigned by the Nassau County Department of Social Services (hereinafter the DSS) to complete the court-ordered investigation. The father’s attorney wrote to the caseworker’s supervisor to alert her to the problem and to ask that she interview the parties to ensure that a complete and accurate report was produced for the court, and sent copies of the letter to the attorneys for the mother and the child.
The mother moved to disqualify the father’s attorney and the attorney’s law firm on the basis that the attorney had violated Rules of Professional Conduct (22 NYCRR 1200.0) rule 4.2 by engaging in improper ex parte communications with the child and with the DSS. The court granted the motion and disqualified the father’s attorney and her firm. The father appeals, and we reverse the order insofar as appealed from.
It is well established that “[a] party’s entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted. While the right to choose one’s counsel is not absolute, disqualification of legal counsel during litigation implicates not only the ethics of the profession but also the parties’ substantive rights, thus requiring any restrictions to be carefully scrutinized. The party seeking to disqualify a law firm or an attorney bears the burden to show sufficient proof to warrant such a determination” (Gulino v Gulino, 35 AD3d 812, 812 [2006] [citations omitted]; see Lipschitz v Stein, 65 AD3d 573, 576 [2009]; Matter of Brian R., *825 48 AD3d 575, 576 [2008]; Matter of Marvin Q., 45 AD3d 852, 853 [2007]; Aryeh v Aryeh, 14 AD3d 634 [2005]; Campolongo v Campolongo, 2 AD3d 476 [2003]; Olmoz v Town of Fishkill, 258 AD2d 447 [1999]). Whether to disqualify an attorney is a matter which lies within the sound discretion of the court (see Bentvena v Edelman, 47 AD3d 651 [2008]; Matter of Marvin Q., 45 AD3d at 853; Aryeh v Aryeh, 14 AD3d at 634; Campolongo v Campolongo, 2 AD3d at 476; Gulino v Gulino, 35 AD3d at 812).
Rule 4.2 of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that an attorney may not communicate with a represented party regarding the subject of the representation (paragraph [a]) or permit his or her client to do so (paragraph [b]) unless opposing counsel has consented or the communication is authorized by law. Although a violation of the rule against ex parte communications will support a motion seeking an attorney’s disqualification, including situations where the party is a child (see Matter of Brian R., 48 AD3d at 576; Matter of Marvin Q. , 45 AD3d at 853; Campolongo v Campolongo, 2 AD3d at 476; see also Matter of Carey v Carey, 13 AD3d 1011, 1012 [2004]), conclusory assertions of conduct violating a disciplinary rule will not suffice to support disqualification (see Olmoz v Town of Fishkill, 258 AD2d at 448).
Here, the court improperly placed the burden on the father rather than on the mother (i.e., on the opponent of disqualification rather than on the movant) and failed to consider the evidence in the light most favorable to the nonmoving party (see Lipschitz v Stein, 65 AD3d at 576; Matter of Marvin Q., 45 AD3d at 853; Gulino v Gulino, 35 AD3d 812 [2006]; Aryeh v Aryeh, 14 AD3d at 634; Campolongo v Campolongo, 2 AD3d at 476; Olmoz v Town of Fishkill, 258 AD2d at 447; see also Matter of Brian R., 48 AD3d at 576). Contrary to the mother’s conclusory assertions, there was no evidence that the father or his attorney improperly questioned the subject child regarding his interactions with the caseworker assigned to conduct the court-ordered investigation. Because there was no violation of rule 4.2 (b) of the Rules of Professional Conduct (22 NYCRR 1200.0), there was no basis for disqualification of the father’s attorney due to communications with the subject child (compare Matter of Brian R., 48 AD3d at 576; Matter of Marvin Q., 45 AD3d at 853; Campolongo v Campolongo, 2 AD3d at 476).
The court also misapprehended the role of the DSS where it has merely been assigned as the agency to complete a court-ordered investigation. “An entity cannot claim a blanket protection from ex parte interviews by taking the position that house counsel is responsible for all future legal matters affecting that *826 entity” (Schmidt v State of New York, 181 Misc 2d 499, 504 [1999], affd 279 AD2d 62 [2000], citing ABA Comm on Ethics and Prof Responsibility Formal Op 95-396 [1995]). Similarly, “if a governmental party were always considered to be represented by counsel for purposes of [the rule against ex parte communications], the free exchange of information between the public and the government would be greatly inhibited” (Schmidt v State of New York, 279 AD2d 62, 65 [2000] [citations and internal quotation marks omitted]). Because the DSS was not a represented party within the meaning of rule 4.2 (a) of the Rules of Professional Conduct (22 NYCRR 1200.0), the court erred in disqualifying the father’s attorney and the attorney’s law firm on this basis as well. Mastro, A.P.J., Skelos, Florio and Hall, JJ., concur.