■ Hele Asset, LLC, et al., Respondents, v S.E.E. Realty Associates et al., Appellants. [964 NYS2d 570]—

In an action, inter alia, for the judicial dissolution of a partnership, the distribution of partnership assets, and an accounting, the defendants appeal from so much of an order of the Supreme Court, Queens County (Brathwaite Nelson, J.), dated June 22, 2012, as granted that branch of the plaintiffs' motion which was to disqualify their attorneys from representing any party to this action on the ground of conflict of interest.

Ordered that the order is reversed insofar as appealed from, on the facts and in the exercise of discretion, with costs, and that branch of the plaintiffs' motion which was to disqualify the defendants' attorneys from representing any party to this action on the ground of conflict of interest is denied.

The defendant S.E.E. Realty Associates (hereinafter the partnership) is a New York general partnership which owned real property in Queens and Bronx Counties. The defendants Arthur Ellner and Thomas Ellner (hereinafter together the Ellners) are brothers, and each owns a 25% interest in the partnership. Prior to his death in 2004, Leopold Schiff owned

the remaining 50% interest in the partnership. The plaintiff Hele Asset, LLC (hereinafter Hele Asset), is a New York limited liability company, and the plaintiff Hermina Schiff, Leopold's widow and the executor of his estate, is a manager of Hele Asset. In 2006, the plaintiffs commenced this action alleging, inter alia, that in 2001, Leopold Schiff assigned all of his rights in the partnership to Hele Asset and that, after his death in 2004, a successor partnership had been created whereby Hele Asset owned a 50% interest in the partnership along with the Ellners. The plaintiffs further alleged that the defendants refuse to acknowledge Hele Asset's 50% interest in the partnership and have dissipated partnership assets.

In 2012, six years after commencement of the action and after discovery had been conducted, the plaintiffs moved to disqualify the defendants' attorneys, Cooper, Paroff, Cooper & Cook (hereinafter the firm), from representing any party in this action on the grounds that Ira Cooper, one of the firm's attorneys, had engaged in improper communications with a son of Hermina Schiff, that Ira Cooper would be called as a witness at the trial of this action, and that there was a conflict of interest in the firm's representation of both the partnership and the Ellners. The plaintiffs also moved to depose Ira Cooper. The Supreme Court granted that branch of the plaintiffs' motion which was to disqualify the firm on the ground of conflict of interest and denied the other branch of the motion. The defendants appeal from so much of the order as granted that branch of the plaintiffs' motion which was to disqualify the firm on the ground of conflict of interest.

"A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted. While the right to choose one's counsel is not absolute, disqualification of legal counsel during litigation implicates not only the ethics of the profession but also the parties' substantive rights, thus requiring any restrictions to be carefully scrutinized. The party seeking to disqualify a law firm or an attorney bears the burden to show sufficient proof to warrant such a determination" (*Gulino v Gulino*, 35 AD3d 812, 812 [2006] [citations omitted]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443-445 [1987]). "Whether to disqualify an attorney is a matter which lies within the sound discretion of the court" (*Matter of Madris v Oliviera*, 97 AD3d 823, 825 [2012]; *see Matter of Marvin Q.*, 45 AD3d 852, 853 [2007]; *Olmoz v Town of Fishkill*, 258 AD2d 447 [1999]). Where a party seeks to disqualify its adversary's counsel in the context

of ongoing litigation, courts consider when the challenged interests became materially adverse to determine if the party could have moved at an earlier time (*see Matter of Astor Rhinebeck Assoc., LLC v Town of Rhinebeck*, 85 AD3d 1160, 1161 [2011]). If a party moving for disqualification was aware or should have been aware of the facts underlying an alleged conflict of interest for an extended period of time before bringing the motion, that party may be found to have waived any objection to the other party's representation (*see Matter of Aaron W. v Shannon W.*, 96 AD3d 960, 961 [2012]; *Lake v Kaleida Health*, 60 AD3d 1469, 1470 [2009]). Further, where a motion to disqualify is made in the midst of litigation where the moving party knew of the alleged conflict of interest well before making the motion, it can be inferred that the motion was made merely to secure a tactical advantage (*see Matter of Voss v 87-10 51st Ave. Owners Corp.*, 292 AD2d 622, 624 [2002]).

The plaintiffs' six-year delay in moving to disqualify the firm, when they were aware or should have been aware of the alleged conflict of interest at or around the time they commenced the action, constituted a waiver of their objection to the defendants' legal representation. Moreover, we infer from this extended delay that the plaintiffs' motion was made merely in order to secure some sort of tactical advantage or to force a settlement. Accordingly, the Supreme Court improvidently exercised its discretion in granting that branch of the plaintiffs' motion which was to disqualify the firm on the ground of conflict of interest.

There is no merit to the plaintiffs' alternative contentions that the Supreme Court should have granted those branches of their motion which were to disqualify the firm on the grounds of improper communications, and that Ira Cooper would be called as a witness at trial (*see Parochial Bus Sys. v Board of Educ. of City of N.Y.*, 60 NY2d 539 [1983]).

The plaintiffs' remaining contentions have been rendered academic in light of our determination. Dillon, J.P., Angiolillo, Austin and Hinds-Radix, JJ., concur.