■ IKE AND SAM'S GROUP, LLC, Respondent, v ABRAHAM BRACH et al., Defendants/Third-Party Plaintiffs-Appellants. SAMUEL VINOKUROV et al., Third-Party Defendants-Respondents, et al., Third-Party Defendants. [29 NYS3d 53]—

In an action, inter alia, to recover damages for breach of contract, the defendants third-party plaintiffs appeal from an order of the Supreme Court, Kings County (Schmidt, J.), dated November 5, 2014, which denied their motion to disqualify the plaintiff's attorney.

Ordered that the order is affirmed, with one bill of costs.

The plaintiff, Ike and Sam's Group, LLC (hereinafter the Company), commenced this action on September 1, 2011, against the defendant Abraham Brach, who is a managing member of the Company, as well as against the defendants Simply Natural Foods, LLC, Healthy Food Brands, LLC, Northside Packaging Corp., and 74 Mall Drive Realty, LLC, which are entities that are alleged to be owned or controlled by Brach (hereinafter collectively the Brach defendants). The business of the Company involves the sale, manufacture, and distribution of popcorn.

On or about November 8, 2011, the Company served an amended complaint, alleging, inter alia, that Brach, individually and/or through the Brach defendants, violated his duties to the Company by engaging in actions promoting his own self-interest that were not in the best interest of the Company. As is relevant to this appeal, the Brach defendants subsequently filed an amended answer with "counterclaims" against three nonparties—Samuel Vinokurov, Leopold Leibowitz, and Jeffrey Price (named in the caption as third-party defendants)—who are the other managing members of the Company.

More than two years and eight months later, after litigating several motions, participating in numerous court conferences, and engaging in discovery, the Brach defendants moved to disqualify Steven R. Goldberg from acting as counsel for the Company, claiming, inter alia, that Goldberg was concurrently representing Vinokurov and the Company. On November 5, 2014, the Supreme Court denied the Brach defendants' motion. The Brach defendants appeal. We affirm.

" 'A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted. While the right to choose one's counsel is not absolute, disqualification of legal counsel during litigation implicates not only the ethics of the profession but also the parties' substantive rights, thus requiring any restrictions to be carefully scrutinized. The party seeking to disqualify a law firm or an attorney bears the burden to show sufficient proof to warrant such a determination' " (*Hele Asset, LLC v*

*S.E.E. Realty Assoc.*, 106 AD3d 692, 693 [2013], quoting *Gulino v Gulino*, 35 AD3d 812, 812 [2006] [citations omitted]; *see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 443-445 [1987]). " 'Whether to disqualify an attorney is a matter which lies within the sound discretion of the court' " (*Hele Asset, LLC v S.E.E. Realty Assoc.*, 106 AD3d at 693, quoting *Matter of Madris v Oliviera*, 97 AD3d 823, 825 [2012]; *see Matter of Marvin Q.*, 45 AD3d 852, 853 [2007]; *Olmoz v Town of Fishkill*, 258 AD2d 447 [1999]). "Where a party seeks to disqualify counsel of an adversary in the context of ongoing litigation, courts consider when the challenged interests became materially adverse to determine if the party could have moved at an earlier time" (*Matter of Valencia v Ripley*, 128 AD3d 711, 712-713 [2015]; *see Hele Asset, LLC v S.E.E. Realty Assoc.*,106 AD3d at 693-694; *Matter of Astor Rhinebeck Assoc., LLC v Town of Rhinebeck*, 85 AD3d 1160, 1161 [2011]). If the party moving for disqualification knew or should have known of the facts underlying the alleged conflict of interest for a prolonged period before bringing the motion, that party may be found to have waived any objection to the other party's representation (*see Hele Asset, LLC v S.E.E. Realty Assoc.*, 106 AD3d at 694; *Matter of Aaron W. v Shannon W.*, 96 AD3d 960, 962 [2012]; *Lake v Kaleida Health*, 60 AD3d 1469, 1470 [2009]). Further, where a motion to disqualify is brought in the middle of litigation where the moving party was aware of the alleged conflict of interest well before bringing the motion, it can be inferred that the motion was made to secure a tactical advantage (*see Hele Asset, LLC v S.E.E. Realty Assoc.*, 106 AD3d at 694; *Matter of Voss v 87-10 51st Ave. Owners Corp.*, 292 AD2d 622, 624 [2002]).

Here, the Brach defendants' two-year and eight-month delay in moving to disqualify Goldberg, when they were aware of the alleged conflict of interest prior to the time the Company commenced the action, constitutes a waiver of their objection to the Company's choice of legal representation (*see Matter of Valencia v Ripley*, 128 AD3d at 713; *Hele Asset, LLC v S.E.E. Realty Assoc.*, 106 AD3d at 694). We can infer from this extended delay that the Brach defendants' motion was made in order to secure some sort of tactical advantage (*see Hele Asset, LLC v S.E.E. Realty Assoc.*, 106 AD3d at 693; *Matter of Voss v 87-10 51st Ave. Owners Corp.*, 292 AD2d 622, 624 [2002]).

The Brach defendants' contention that the Supreme Court should have granted their motion to disqualify Goldberg on the alternative ground that his retention was invalid is without merit.

The Brach defendants' remaining contentions are without merit.

Accordingly, the Supreme Court providently exercised its discretion in denying the Brach defendants' motion to disqualify Goldberg. Dillon, J.P., Dickerson, Austin and Duffy, JJ., concur.