Legacy Builders/Developers Corp. v Hollis Care Group, Inc. (2018 NY Slip Op 03968)





Legacy Builders/Developers Corp. v Hollis Care Group, Inc.


2018 NY Slip Op 03968


Decided on June 6, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 6, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

SHERI S. ROMAN, J.P.
SANDRA L. SGROI
FRANCESCA E. CONNOLLY
LINDA CHRISTOPHER, JJ.


2016-07492
2016-07897
 (Index No. 703716/13)

[*1]Legacy Builders/Developers Corp., respondent,
v
Hollis Care Group, Inc., et al., appellants, et al., defendants.


Felton & Associates, Brooklyn, NY (Regina Felton of counsel), for appellants.
Tarter Krinsky & Drogin, LLP, New York, NY (John M. Rondello, Jr., of counsel), for respondent.



DECISION & ORDER
In an action, inter alia, to recover damages for breach of contract, the defendants Hollis Care Group, Inc., and Medi-System Renal Care Management Services, LLC, appeal from two orders of the Supreme Court, Queens County (Frederick D. R. Sampson, J.), dated December 14, 2015, and May 16, 2016, respectively. The order dated December 14, 2015, denied the motion of the defendants Hollis Care Group, Inc., and Medi-System Renal Care Management Services, LLC, to disqualify the plaintiff's counsel. The order dated May 16, 2016, denied those defendants' motion to strike the note of issue.
ORDERED that the orders are affirmed, with one bill of costs.
The Supreme Court providently exercised its discretion in denying the appellants' motion to disqualify the plaintiff's counsel. "[T]he disqualification of an attorney is a matter which rests within the sound discretion of the court" (Olmoz v Town of Fishkill, 258 AD2d 447, 447; see Nationscredit Fin. Servs. Corp. v Turcios, 41 AD3d 802, 802). "A party's entitlement to be represented in ongoing litigation by counsel of his [or her] own choosing is a valued right which should not be abridged absent a clear showing that disqualification is warranted, and the movant bears the burden on the motion" (Olmoz v Town of Fishkill, 258 AD2d at 447 [citation omitted]). "[A] hearing may be necessary where a substantial issue of fact exists as to whether there is a conflict of interest" (id. at 448). However, "mere conclusory assertions that there is a conflict of interest are insufficient to warrant a hearing" (id.). Here, the appellants' vague and conclusory assertions were insufficient to make a clear showing or raise a substantial issue of fact as to whether an attorney-client relationship had been previously formed between them and the plaintiff's counsel. Moreover, the appellants failed to adequately explain their delay in moving for disqualification (see Lewis v Unigard Mut. Ins. Co., 83 AD2d 919, 920).
We also agree with the Supreme Court's denial of the appellants' motion to strike the note of issue for the purpose of deposing the plaintiff's counsel, as the appellants failed to establish that deposing the plaintiff's counsel was material and necessary to their defense of the action, or that discovery was otherwise not complete (see 22 NYCRR 202.21[e]; CPLR 3101[a]; cf. Gallo v SCG [*2]Select Carrier Group, L.P., 91 AD3d 714, 714).
ROMAN, J.P., SGROI, CONNOLLY and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court