Matter of Lopresti v David (2020 NY Slip Op 00594)





Matter of Lopresti v David


2020 NY Slip Op 00594


Decided on January 29, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
RUTH C. BALKIN
JOHN M. LEVENTHAL
ANGELA G. IANNACCI, JJ.


2019-04808
 (Docket Nos. V-8338-18/18C/19E/19F)

[*1]In the Matter of Philip Lopresti, respondent,
v
Julia David, appellant. (Proceeding No. 1.)
In the Matter of Julia David, appellant,Philip Lopresti, respondent. (Proceeding Nos. 2 and 3.)


The Law Office of Tamara M. Harris PLLC, New York, NY, for appellant.
Catherine S. Bridge, Staten Island, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 6, the mother appeals from an order of the Family Court, Queens County (Ashley Black, Ct. Atty. Ref.), dated April 15, 2019. The order, insofar as appealed from, denied, without a hearing, the mother's petition to modify an order of custody of the same court dated July 24, 2018 (Craig Ramseur, Ct. Atty. Ref.), and granted that branch of the father's petition which was to disqualify the mother's attorney.
ORDERED that the appeal from so much of the order dated April 15, 2019, as denied the mother's petition to modify an order of custody dated July 24, 2018, is dismissed as academic; and it is further,
ORDERED that the order dated April 15, 2019, is reversed insofar as reviewed, on the facts and in the exercise of discretion, and that branch of the father's petition which was to disqualify the mother's attorney is denied; and it is further,
ORDERED that one bill of costs is awarded to the mother.
The mother contends that the Family Court erred in denying her petition to modify an order of custody dated July 24, 2018, without a hearing. By decision and order dated October 2, 2019 (Matter of David v LoPresti, 176 AD3d 701), this Court reversed the order dated July 24, 2018, and remitted the matter to the Family Court, Queens County, for a new hearing. As a result, the mother's appeal from so much of the order appealed from as denied her petition to modify the order of custody dated July 24, 2018, is academic (see Matter of Hearst Corp. v Clyne, 50 NY2d 707; Matter of Benjamin K. v Liska J., 174 AD3d 984, 984; Matter of Battle v Thomson, 103 AD3d 630, 631).
The Family Court improvidently exercised its discretion in granting that branch of [*2]the father's petition which was to disqualify the mother's attorney on the basis that the attorney communicated with the parties' child by engaging in ex parte communications in violation of rule 4.2(a) of the Rules of Professional Conduct (22 NYCRR 1200.0). "Whether to disqualify an attorney is a matter which lies within the . . . discretion of the court" (Matter of Madris v Oliviera, 97 AD3d 823, 825). "The party seeking to disqualify . . . an attorney bears the burden [of showing] sufficient proof to warrant such a determination" (Lipshitz v Stein, 65 AD3d 573, 576 [internal quotation marks omitted]). Rule 4.2(a) of the Rules of Professional Conduct (22 NYCRR 1200.0) provides that an attorney may not communicate with a represented party regarding the subject of the representation unless opposing counsel has consented or the communication is authorized by law. A violation of the rule against ex parte communications will support a motion seeking an attorney's disqualification, including situations where a party is a child (see Matter of Madris v Oliviera, 97 AD3d at 825; Matter of Brian R., 48 AD3d 575; Campolongo v Campolongo, 2 AD3d 476, 476). Here, although there was evidence that the child had forwarded email communications that she had written to the attorney for the child to the mother and the mother's attorney, the father presented no evidence that the mother's attorney solicited those emails or otherwise communicated with the child. Under these circumstances, the father failed to sustain his burden of demonstrating that disqualification was warranted (see Matter of Madris v Oliviera, 97 AD3d 823; cf. Matter of Brian R., 48 AD3d 575; Matter of Marvin Q., 45 AD3d 852).
RIVERA, J.P., BALKIN, LEVENTHAL and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court