Carroll-Mikhail v Teutonico (2020 NY Slip Op 01596)

BODY {
font-family : "Times New Roman", Times, serif;
font-size : larger;
}

P {
line-height: 150%;
text-indent: 2em
}

Carroll-Mikhail v Teutonico

2020 NY Slip Op 01596

Decided on March 11, 2020

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 11, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department
ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
JOHN M. LEVENTHAL
JOSEPH J. MALTESE, JJ.


2019-02279
(Index No. 151003/18)

[*1]Terri Carroll-Mikhail, et al., appellants, 
vJosephine Teutonico, et al., respondents.

Jonathan D'Agostino & Associates, P.C., Staten Island, NY (Glen Devora and Jaclyn Howe of counsel), for appellants.
Morris Duffy Alonzo & Faley, New York, NY (Iryna S. Krauchanka, Kevin G. Faley, and Sarah Linder of counsel), for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Richmond County (Wayne M. Ozzi, J.), dated November 29, 2018. The order, in effect, granted the defendants' motion to disqualify the law firm of Jonathan D'Agostino & Associates, P.C., from representing the plaintiffs in this action.
ORDERED that the order is reversed, on the facts and in the exercise of discretion, with costs, and the defendants' motion is denied.
In this action, inter alia, to recover damages for personal injuries allegedly sustained in an automobile accident, the plaintiffs appeal from an order which, in effect, granted the defendants' motion to disqualify the law firm of Jonathan D'Agostino & Associates, P.C. (hereinafter the D'Agostino Firm) from representing the plaintiffs in this action. The D'Agostino Firm previously represented one of the defendants in this action, as a plaintiff in an unrelated personal injury action involving a different automobile accident which occurred approximately eight years prior to the accident at issue herein, and which was long resolved. Under the circumstances, disqualification of the D'Agostino Firm from representing the plaintiffs in this action was improvident, and therefore, we reverse the order and deny the defendants' motion.
A party's entitlement to be represented in ongoing litigation by counsel of his or her own choosing is a valued right which should not be abridged absent a clear showing by the party seeking disqualification that it is warranted (see Gulino v Gulino, 35 AD3d 812). Here, it is undisputed that the matter in which the D'Agostino Firm formerly represented one of the defendants in this action is unrelated to the present litigation. Moreover, the defendants failed to show that there was a reasonable probability that the D'Agostino Firm obtained confidential information in the course of the prior representation, which could be relevant to the present litigation (see Jamaica Pub. Serv. Co. v AIU Ins. Co., 92 NY2d 631, 638; Greene v Greene, 47 NY2d 447, 453). As such, the defendants failed to satisfy their burden of establishing that disqualification was warranted (see Aryeh v Aryeh, 14 AD3d 634).
SCHEINKMAN, P.J., MASTRO, LEVENTHAL and MALTESE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court