Linden 305 LLC v Miller (2025 NY Slip Op 52082(U))

[*1]

Linden 305 LLC v Miller

2025 NY Slip Op 52082(U)

Decided on December 24, 2025

Civil Court Of The City Of New York, Kings County

Jimenez, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on December 24, 2025
Civil Court of the City of New York, Kings County

Linden 305 LLC, Petitioners,

againstDonald Miller, JOHN DOE and JANE DOE, Respondents.

Index No. 312349-25

Novick Edelstein Pomerantz PC733 Yonkers AveYonkers, New York 10704Attorneys for PetitionerBrooklyn Legal Services105 Court Street4th FloorBrooklyn, New York 11211Attorneys for Respondent

Sergio Jimenez, J.

Recitation, as required by CPLR § 2219(a), of the papers considered in the review of respondent's Notice of Motion (Seq. 1) and any other relief as the court may find appropriate:
Papers Numbered
Notice of Motion (Seq. 1) with affidavits and exhibits 1 (NYSCEF #7-10)Affirmation in Opposition and exhibits 2 (NYSCEF #12-14)Affirmation in Reply and exhibits 3 (NYSCEF #15)
This is a holdover proceeding claiming that the respondent is a licensee of the prior tenant of record in the subject premises and the license has expired. The parties had a previous proceeding between them on similar grounds that was, pursuant to a so-ordered two-attorney stipulation, converted to a non-payment and resolved with the payment of arrears (LT-329055-[*2]22 / NYSCEF #20). At the time the petitioner was represented by Edelman Schwartz PLLC and the respondent (Donald Miller) was represented by Brooklyn Legal Services Corporation A (BKA) by two attorneys at BKA, Dan Ostrin and Kristie Ortiz (NYSCEF #11 & 20). At some point following the conclusion of that litigation, Mr. Ostrin left BKA and became employed by Novick Edelstein Pomerantz, PC. Mr. Ostrin worked as a member of this law firm and remains in their employ as an "of counsel" attorney. Petitioner's counsel states that Mr. Ostrin has moved out of the state and does not appear in court or in counsel's office. He works only on discreet proceedings in writing responsive papers. That same firm, Novick Edelstein Pomerantz, PC, now brings the instant licensee holdover. Respondent, Donald Miller, has now retained Brooklyn Legal Services (BLS) and moves to disqualify petitioner's counsel due to a conflict of interest. Petitioner opposes the motion in its entirety.
The parties do not dispute that the respondent has met all three (3) prongs of the test for disqualification (Pellegrino v Oppenheimer & Co., 49 AD3d 94 [1st Dept 2008]; Graziano v Andzel-Graziano, 169 AD3d 1195 [3rd Dept 2019]). There was unquestionably a prior attorney-client relationship as evinced by Mr. Ostrin's filing of a signed notice of appearance in the 329055-22 proceeding (NYSCEF #5). These two matters are substantially related as they are both licensee holdovers seeking possession of the same premises and the defenses are, likewise, closely similar. Lastly, the interests of the clients are adverse as they are explicitly opposed to one another in the disposition of both proceedings. As such, a presumption of disqualification arises for Mr. Ostrin (Tekni-Plex, Inc. v Meyner & Landis, 89 NY2d [1996]). Disqualifying one attorney working in a law firm disqualifies all attorneys in the firm (see Solow v W.R. Grace & Co., 83 NY2d 303 [1994]; Kassis v Teacher's Ins. & Annuity Assn., 93 NY2d 611 [1999]). Once the presumption has been established, the burden then shifts to the non-moving party to "prove that any information the disqualified lawyer acquired is unlikely to be significant or material in the litigation" (Id.).
Appellate guidance has well settled that the disqualification of an attorney is left within the sound discretion of the trial court (see Olmoz v Town of Fishkill, 258 AD2d 447 [1999]; Fischer v Deitsch, 168 AD2d 599 [1990]; Capolongo v Campolongo, 2 AD3d 476 [2d Dept 2003]). The United States Court of Appeals, however, has cautioned that motions to disqualify are not to be granted indiscriminately because disqualification inherently interferes with a party's "right [to freely] choose counsel and may be interposed for tactical reasons" (see McGuire v McGuire Group, Inc., 237 AD3d 1535 [4th Dept 2025]; Mitchell v Metropolitan Life Ins. Co., Inc., 2002 WL 441194 [United States District Court, S.D. New York, 2002]). The court notes that the lack of delay by the respondent in bringing this motion does not evince gamesmanship or litigation tactic, but rather a real concern about the sanctity of the representation.
Petitioner has not proved that counsel's office is large within the context of legal analysis (Id.). The Mitchell Court characterized firms of 44, 26 and 30 attorneys as small and those of more than 300 as large (Id.). The size of the firm is relevant in the analysis of disqualification. However, given the Court of Appeals' caution as to the "mechanical application of blanket rules," and preference for a "careful appraisal of the interests involved" (Gabel v Gabel, 101 AD3d 676 [2d Dept, 2012]), the court must make a granular analysis of the present situation.
The two questions immediately before the court are whether petitioner has overcome the substantial burden to prove that Mr. Ostrin did not acquire information that is likely to be material in the litigation and whether the petitioner's counsel has "erected an ethical wall around the disqualified attorney" (Brandice M.C. v Wilder, 221 AD3d 1532 [4th Dept 2023])?
Here, the respondent himself proves to be the best witness as to the type of information acquired. Given the respondent's own sworn statement in the 329055-22 affidavit seeking to discharge BKA in December 6, 2023 that Mr. Ostrin "only reach [sic] out to us once by email and that was it" (NYSCEF #22) and the conflict between that and the statement put forth in the affirmation dated November 5, 2025 (NYSCEF #9) that respondent told Mr. Ostrin "everything about my claim," renders the recent statement incredible. BLS Counsel's characterization of the context of these statements is unconvincing. The court, as per the party's acquiescence, takes judicial notice of the prior index number and notes that the motion seeking dismissal of the proceeding based on the insufficiency of the predicate notice and the standing of petitioner. Neither of those grounds address the issue the parties seek to litigate, succession. The further stipulations only adjourned the proceeding. For this prior proceeding, no discovery exists anywhere in the record. Federal courts have found that engagement in discovery is one of the activities that would involve irrebuttable presumptive behaviors.
Further, the court finds that the presumption of disqualification has been rebutted. In the instant situation the disqualified attorney lives out of state, does not appear in court or at petitioner's office, is not an equity partner or even listed on the firm's webpage, is locked out of the petitioner's records except on an as assigned basis, that a singular attorney newly integrated into the practice who did not overlap with Mr. Ostrin's physical presence in the office or courthouse will take sole responsibility of the proceeding to the exclusion of even partners, that petitioner's counsel has created enough of an ethical wall to allow the petitioner's counsel to remain representing the petitioner without prejudice to the respondent. As such, the court finds the presumption to be rebuttable and has been done here.
For the reasons set forth above, the motion is denied in its entirety. However, as a condition of this denial, all members of petitioner's counsel's firm are prohibited from discussing any aspect of this proceeding with Mr. Ostrin. Should the respondent obtain actual knowledge that the ethical wall has been breached, they may move by motion seeking to renew this relief. The proceeding is adjourned to March 4, 2026 at 10:30am in Room 502, Part J for all purposes. Any motions filed by either party should be filed by February 6, 2026, opposition by February 27, 2026 and any reply by March 3, 2026. This constitutes the decision/order of the court.
Dated: December 24, 2025Sergio Jimenez, JHC