■ DONNA DAVIN, Respondent, v JMAM, LLC, Doing Business as JOAN RIVERS WORLDWIDE ENTERPRISES, Appellant. [812 NYS2d 494]—

Order, Supreme Court, New York County (Sherry Klein Heitler, J.), entered October 28, 2005, which, to the extent appealed from, denied defendant's motion to disqualify plaintiff's law firm and its motion for summary judgment dismissing the complaint, and granted, in part, plaintiff's cross motion to the extent of compelling certain discovery, unanimously affirmed, with costs.

Disqualification of plaintiff's law firm for violation of the advocate-witness rule (Code of Professional Responsibility DR 5-102 [a] [22 NYCRR 1200.21 (a)]) was properly denied in the absence of a showing that the testimony of plaintiff's attorneys would be necessary (*see S & S Hotel Ventures Ltd. Partnership v 777 S. H. Corp.*, 69 NY2d 437, 446 [1987]; *O'Donnell, Fox & Gartner v R-2000 Corp.*, 198 AD2d 154, 155 [1993]). Moreover, even if testimony from some of plaintiff's attorneys were necessary, disqualification of the entire law firm would not therefore be warranted (*see Talvy v American Red Cross in Greater N.Y.*, 205 AD2d 143, 152 [1994], *affd* 87 NY2d 826 [1995]).

Inasmuch as a triable factual issue is raised as to whether defendant's purported nondiscriminatory ground for plaintiff's dismissal, i.e., unsatisfactory job performance, was a pretext for impermissible discrimination based on gender, summary judgment dismissing the complaint was properly denied. We note in this connection, inter alia, evidence to the effect that plaintiff was dismissed while on maternity leave immediately following two years of employment in which she received a raise, bonuses and evidently satisfactory job performance reviews, and evidence of comments made by her superiors critical of the length

of her maternity leave (*cf. Forrest v Jewish Guild for the Blind*, 3 NY3d 295 [2004]).

Under the particular circumstances presented, the authorization of additional discovery constituted a proper exercise of the court's broad discretion in the supervision of pretrial disclosure (*see Ulico Cas. Co. v Wilson, Elser, Moskowitz, Edelman & Dicker*, 1 AD3d 223 [2003]).

We have considered defendant's remaining arguments and find them unavailing. Concur—Saxe, J.P., Nardelli, Sweeny, McGuire and Malone, JJ.