■ ZUHAIR AQEEL, as Administrator of the Estate of AMY AQEEL, Deceased, et al., Respondents, v TONY CASALE, INC., et al., Defendants, and CITY OF NEW YORK et al., Appellants. [845 NYS2d 8]—

Order, Supreme Court, Bronx County (Kenneth L. Thompson, Jr., J.), entered February 8, 2007, which, in an action for wrongful death, upon reargument, insofar as appealed from, denied the city defendants' motion for summary judgment dismissing the complaint as against them, unanimously reversed, on the law, without costs, the motion granted and the complaint dismissed as against the municipal defendants. The Clerk is directed to enter judgment accordingly. Appeal from order, same court and Justice, entered April 20, 2006, which denied the city defendants' motion for summary judgment, unanimously dismissed as superseded by the appeal from the February 8, 2007 order.

A post-note of issue motion for summary judgment, like motions generally, is made when it is served, not, as the motion court ruled, when it is filed (*Gazes v Bennett*, 38 AD3d 287 [2007]; CPLR 2211). There is no dispute that the subject motion was served within the time limit set by the governing stipulation.

On the merits, the City's evidence establishes that defendant Feliciano suddenly sped away from a lawful stop, and, attempting to evade the police, ran several red lights before crashing into the vehicle in which plaintiffs' decedent was a passenger. Two police vehicles, one a van and the other unmarked, pursued Feliciano's vehicle, which had stolen plates, for a short distance at moderate speeds until, on instructions from New York Police Department (NYPD) central dispatch, they discontinued the

pursuit, while Feliciano's vehicle continued at 60 to 70 miles per hour. Approximately two minutes later, Feliciano, still traveling at a high speed, disregarded a red light just before he struck the decedent's vehicle.

Nothing in the record tends to show that any of the four officers involved in the chase intentionally committed any unreasonable acts with conscious indifference to known or obvious risks so great as to make harm highly probable (*Saarinen v Kerr*, 84 NY2d 494, 501 [1994], construing Vehicle and Traffic Law § 1104). The violations of Police Department rules prohibiting police vans from engaging in chases and requiring regular contact with NYPD command center during a chase were, at worst, "a momentary judgment lapse" (*id.* at 502; *see Gervasi v Peay*, 254 AD2d 172 [1998]) that, in any event, had no bearing on causation. The evidence establishes that the sole proximate cause of the accident was Feliciano's criminal, reckless conduct, which continued for nearly two minutes after the police disengaged from their pursuit. Plaintiffs' credibility arguments, based on uncertified, unauthenticated records of another police department, offer only inadmissible hearsay insufficient to defeat the motion (*cf. Matter of New York City Asbestos Litig.*, 7 AD3d 285, 285 [2004]). Concur—Lippman, P.J., Andrias, Williams, Buckley and Kavanagh, JJ.