■ PAUL GREENAWALT, Appellant, v VILLAGE OF CAMBRIDGE, Respondent. [888 NYS2d 295]—

Spain, J. Appeal from an order of the Supreme Court (Krogmann, J.), entered June 20, 2008 in Washington County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff commenced this action seeking to recover for personal injuries he sustained when, after leading police on a high-speed chase, his motorcycle left the roadway and crashed. He alleges that the officers that pursued him acted with reck-

less disregard for the safety of others and, thus, they can be held liable for his injuries. Defendant successfully moved for summary judgment, prompting this appeal. We now affirm.

In recognition of the obligation to respond quickly to preserve life and property and to enforce the law, Vehicle and Traffic Law § 1104 creates a qualified exemption for drivers engaged in the emergency operation of authorized vehicles from abiding by certain traffic laws (*see* Vehicle and Traffic Law § 1104 [a]; *Saarinen v Kerr*, 84 NY2d 494, 497 [1994]; *Muniz v City of Schenectady*, 38 AD3d 989, 990 [2007]). Liability flowing from the operation of these vehicles will not be imposed unless the conduct rises to the level of recklessness, which "requires evidence that 'the actor has intentionally done an act of an unreasonable character in disregard of a known or obvious risk that was so great as to make it highly probable that harm would follow' and has done so with conscious indifference to the outcome" (*Saarinen v Kerr*, 84 NY2d at 501, quoting Prosser and Keaton, Torts § 34, at 213 [5th ed]; *see Flack v State of New York*, 57 AD3d 1199, 1199-1200 [2008]). There is no question that the police officers who pursued plaintiff's motorcycle are entitled to the protections of Vehicle and Traffic Law § 1104. At issue on appeal is whether the officers' conduct in commencing and continuing pursuit of the motorcycle rose to the level of "reckless disregard for the safety of others" and whether such conduct was a proximate cause of plaintiff's injuries (Vehicle and Traffic Law § 1104 [e]).

The relevant facts—as either undisputed or asserted by plaintiff—are as follows. Sometime after 1:00 A.M. on June 12, 2004, while carrying a passenger on the back of his motorcycle, plaintiff was traveling at 43 miles per hour in a 30-mile-per-hour zone through the Village of Greenwich, Washington County when he passed a Greenwich police officer. When the officer pulled out behind plaintiff's motorcycle, instead of pulling over, plaintiff admittedly opted to attempt to elude the police; he increased his speed and proceeded out of the sight of the Greenwich officer who then radioed ahead to defendant's police department. A police officer from the Village of Cambridge, Washington County then gave chase after the motorcycle sped into and through Cambridge at a high rate of speed. After approximately 10 minutes, the chase—which reached speeds nearing 90 miles per hour—ended when plaintiff lost control of the motorcycle. Plaintiff and his passenger were thrown from the motorcycle as it left the road, resulting in injuries to both.

We conclude that plaintiff has failed to allege facts that could support a finding that the conduct of the officers who pursued

his motorcycle was a proximate cause of his accident and, therefore, summary judgment was properly granted. The majority of plaintiff's allegations of recklessness—the officers' alleged failure to follow certain departmental protocols, their alleged use of a roadblock, their decision to give chase without considering the severity of plaintiff's initial offense, and their decision to continue to pursue him after obtaining the motorcycle license—even if established, did not cause this accident. Indeed, plaintiff commenced traveling at a high rate of speed immediately upon being sighted by police. Cambridge police did not begin pursuit until police witnessed plaintiff traveling at an excessive rate of speed, ignoring a traffic signal and carrying a passenger who appeared to want to get off the motorcycle. Thereafter, plaintiff successfully passed the alleged roadblock—the existence of which police deny—and continued traveling at a high rate of speed for over 10 minutes, in blatant disregard for the safety of himself, his passenger and others. Thus, as a matter of law, we find that plaintiff's operation of his motorcycle, not the manner in which defendant's officers conducted their pursuit, was the proximate cause of the accident (*see Schieren v State of New York*, 281 AD2d 828, 831-832 [2001]; *Dibble v Town of Rotterdam*, 234 AD2d 733, 736 [1996], *lv denied* 89 NY2d 811 [1997]; *Mullane v City of Amsterdam*, 212 AD2d 848, 850 [1995]; *see also Nurse v City of New York*, 56 AD3d 442, 443 [2008]; *Aqeel v Tony Casale, Inc.*, 44 AD3d 572, 573 [2007]).

We also reject plaintiff's claim that the speed and proximity of the police car that was behind him caused the accident because he could not pull over out of fear of being struck by the oncoming police car. Allegations of a police vehicle's speed and proximity to a suspected lawbreaker alone will not establish liability (*see Dibble v Town of Rotterdam*, 234 AD2d at 735), especially where, as here, no evidence exists that the pursuing officer interfered with plaintiff's ability to surrender. Plaintiff's testimony established that the police vehicle only came close when plaintiff slowed the motorcycle. Further, a video recording of the incident, taken from within the pursuing police vehicle, provides irrefutable evidence that no attempt was made to force plaintiff off the road or to prevent him from stopping or pulling over (*see King v Village of Cobleskill*, 237 AD2d 689, 692 [1997]).

Peters, J.P., Rose, Kane and Stein, JJ., concur. Ordered that the order is affirmed, without costs.