■ GILBERT LAU, Appellant, v S&M ENTERPRISES et al., Respondents. [898 NYS2d 42]—

Order, Supreme Court, New York County (Harold B. Beeler, J.), entered on or about August 2, 2004, which denied plaintiff's motion to disqualify defendants' counsel, and order, same court and Justice, entered May 9, 2005, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.

Plaintiff, a rent-controlled tenant in a building owned by defendant S&M Enterprises, brought this action for intentional and negligent infliction of emotional distress, alleging that de-

fendants were aware that he suffered from mental illness when they instituted several allegedly unfounded summary proceedings against him.

The court properly denied plaintiff's motion to disqualify defendants' counsel, codefendant Morrow, as plaintiff failed to show that counsel's testimony would be necessary (*Davin v JMAM, LLC*, 27 AD3d 371 [2006]), or that his representation created a conflict of interest (*Horn v Municipal Info. Servs.*, 282 AD2d 712 [2001]).

As to the summary dismissal, the elements of a claim for intentional infliction of emotional distress are (i) extreme and outrageous conduct, (ii) an intent to cause—or disregard of a substantial probability of causing—severe emotional distress, (iii) a causal connection between the conduct and the injury, and (iv) the resultant severe emotional distress (*Howell v New York Post Co.*, 81 NY2d 115, 121 [1993]). The existence of extreme and outrageous conduct is also a necessary element for a claim of negligent infliction of emotional distress (*see Berrios v Our Lady of Mercy Med. Ctr.*, 20 AD3d 361, 362 [2005]).

The record established that the summary holdover proceedings brought against plaintiff, which arose out of persistent unsanitary conditions and multiple floods emanating from his apartment, were not unfounded. Defendants' conduct did not approach the threshold of outrageousness needed to support a cause of action for intentional or negligent infliction of emotional distress (*id.*; *see also Tartaro v Allstate Indem. Co.*, 56 AD3d 758, 759 [2008]). Concur—Mazzarelli, J.P., Sweeny, Renwick, Freedman and Román, JJ.