Melendez v City of New York (2019 NY Slip Op 02964)





Melendez v City of New York


2019 NY Slip Op 02964


Decided on April 18, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 18, 2019

9030 307653/11

[*1]Esther Melendez, et al., Plaintiffs-Appellants,
v
City of New York, Defendant-Respondent.


Jonah Grossman, Jamaica (Lawrence B. Lame of counsel), for appellants.
Zachary W. Carter, Corporation Counsel, New York (Scott Shorr of counsel), for respondent.



Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about March 27, 2018, which granted defendant's motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
While plaintiffs' vehicle was stuck in traffic on the Major Deegan Expressway, it was rammed multiple times by a SUV that had been pursued by New York City police officers. The SUV eventually pushed plaintiffs' vehicle onto the concrete barrier in the middle of the expressway. The driver of the SUV, going both forward and in reverse, also struck several other cars, while ignoring directions from officers to stop the car. Officers subsequently shot and killed the driver of the SUV, who was purportedly attempting to run them over.
Plaintiffs' negligence claims against the City based on the officers' vehicular pursuit of the SUV fails, as that pursuit had terminated by the time the SUV reached the expressway where plaintiffs' car was stopped in traffic. The actions of the driver of the SUV were the sole proximate cause of plaintiffs' injuries (see Greenawalt v Village of Cambridge, 67 AD3d 1158, 1160 [3d Dept 2009]; Fappiano v City of New York, 292 AD2d 566, 567 [2d Dept 2002]). Similarly, the record demonstrates that the officers' conduct was not reckless, as would be required to give rise to liability (see Vehicle and Traffic Law § 1104[e]; Saarinen v Kerr, 84 NY2d 494, 501-502 [1994]). We need not determine whether the City is entitled to governmental function immunity under these circumstances (compare Dorsey v City of Poughkeepsie, 275 AD2d 386, 387 [2d Dept 2000], lv dismissed in part denied in part 96 NY2d 789 [2001], with Foster v Suffolk County Police Dept., 137 AD3d 855, 857 [2d Dept 2016]).
Plaintiffs' claims for intentional infliction of emotional distress against the City is "barred as a matter of public policy" (Dillon v City of New York, 261 AD2d 34, 41 [1st Dept 1999). Furthermore, the evidence fails to raise a triable issue of fact as to whether the discharge of police weapons to prevent the SUV from harming officers on foot or members of the public who were stuck in traffic was "extreme and outrageous conduct" sufficient to support the claim for negligent infliction of emotional distress (Lau v S & M Enters., 72 AD3d 497, 498 [1st Dept 2010]; Sheila C. v Povich, 11 AD3d 120, 130-131 [1st Dept 2004]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 18, 2019
CLERK