Pierce v City of New York (2022 NY Slip Op 05814)

Pierce v City of New York

2022 NY Slip Op 05814

Decided on October 18, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 18, 2022

Before: Acosta, P.J., Renwick, Webber, Singh, Moulton, JJ. 

Index No. 24370/16E Appeal No. 16472 Case No. 2022-00234 

[*1]Destinesha Pierce, Plaintiff-Appellant,
v
The City of New York et al., Defendants-Respondents.

Albert W. Cornachio, P.C., Rye Brook (Christopher R. Block of counsel), for appellant.
Sylvia O. Hinds-Radix, Corporation Counsel, New York (Janet L. Zaleon of counsel), for respondent.

Order, Supreme Court, Bronx County (Mitchell J. Danziger, J.), entered on or about June 16, 2021, which, to the extent appealed from, granted defendant City of New York's cross motion for summary judgment dismissing the complaint against it, and denied as moot plaintiff's motion pursuant to CPLR 3126 to strike the City's answer for spoliation of evidence, unanimously affirmed, without costs.
Defendant City established prima facie that the police pursuit of the vehicle driven by defendant Xavier Wilson, in which plaintiff was a passenger, was not a proximate cause of plaintiff's injuries. The GPS data from the police vehicle showed that the speed of the police car did not exceed 32 miles per hour during the pursuit, consistent with the officers' testimony. In contrast, plaintiff testified that Wilson was driving at speeds of 50 to 60 miles per hour. Further, Wilson admitted that he was driving as if he was "on the highway" and that he lost control of the car, which was already in a state of disrepair, after hitting a bump in the road, before striking a parked car. Moreover, nothing contradicted the officers' testimony that they terminated the pursuit about a block to a block and a half before the collision (see Melendez v City of New York, 171 AD3d 566, 567 [1st Dept 2019], lv denied 33 NY3d 914 [2019]; Aqeel v Tony Casale, Inc., 44 AD3d 572, 573 [1st Dept 2007]).
Plaintiff failed to raise a triable issue of fact as to whether an improper initiation of the pursuit proximately caused plaintiff's injuries. Plaintiff did not submit evidence showing that, in initiating and continuing the pursuit, the officers acted with the level of recklessness sufficient to give rise to liability (see Vehicle and Traffic Law § 1104 [e]; Frezzell v City of New York, 24 NY3d 213, 217 [2014]).
In view of the foregoing, the court properly denied as moot plaintiff's motion to strike the City's answer for spoliation of evidence.
We have considered plaintiff's remaining arguments and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 18, 2022