## Arrayago v Interactive Brokers LLC

2025 NY Slip Op 34754(U)

December 8, 2025

Supreme Court, New York County

Docket Number: Index No. 154844/2025

Judge: Phaedra F. Perry-Bond

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

## SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:    **HON. PHAEDRA F. PERRY-BOND**     PART      **35**

*Justice*

-------------------------------------------------------------------------X

MANUEL CHRISTIAN MOLINA ARRAYAGO,

         Plaintiff,

       - v -

INTERACTIVE BROKERS LLC,

         Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 154844/2025 |
| MOTION DATE | 06/14/2025 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, 38, 47, 48, 49, 50, 51, 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 63, 64, 65, 66, 67, 68, 69, 70, 71, 72, 73, 74

were read on this motion to/for           DISQUALIFY COUNSEL       .

Upon the foregoing documents, Plaintiff Manuel Christian Molina Arrayago's ("Plaintiff")

motion to disqualify Defendant Interactive Brokers LLC's ("Defendant") in-house counsel from

representing Defendant during the pendency of this litigation is denied.[1]

### I.     Background

Plaintiff, who is self-represented, alleges Defendant committed fraud in an arbitration

proceeding brought by Plaintiff against Defendant before the National Futures Association (the

"NFA") in July of 2020. The fraud consisted of allegedly manipulated reports showing false

valuations. Plaintiff raised Defendant's alleged fraud in the underlying arbitration on December

29, 2020 (NYSCEF Doc. 15). On April 23, 2021, Arbitrator Donald L. Horwitz dismissed

Plaintiff's Complaint (NYSCEF Doc. 57). Plaintiff purportedly filed a notice of appeal of Mr.

Horwitz's decision with the Appellate Court of Illinois on or about May 4, 2021, but the appeal

---

[1] The Court is concerned that this is not the proper venue for this action as the complaint fails to allege either party is domiciled in New York. The complaint is silent as to where the arbitration was held and where the allegedly tortious conduct took place, but documents submitted on this motion indicate the arbitration was based in Chicago, Illinois.

154844/2025 MOLINA ARRAYAGO, MANUEL CHRISTIAN vs. INTERACTIVE BROKERS LLC      Page 1 of 5
Motion No. 002

1 of 5

was apparently never perfected (NYSCEF Doc. 59). In September of 2023, Plaintiff submitted a complaint regarding Defendant's alleged fraud to the United Kingdom's Financial Ombudsman Service. On March 8, 2024, Ombudsman Paul Featherstone dismissed Plaintiff's Complaint because according to the rules of the Financial Conduct Authority, Plaintiff's complaint was submitted out of time. Mr. Featherstone also stated that Plaintiff was "attempting to use the services of the Financial Ombudsman Service to re-open a dispute that has already been decided elsewhere" (NYSCEF Doc. 61).

On April 13, 2025, Plaintiff commenced this action seeking damages based on Defendant's alleged fraud. On May 14, 2025, the parties stipulated to an extension of Defendant's time to answer or respond to the complaint (NYSCEF Doc. 7). The stipulation memorialized that Plaintiff was seeking disqualification of Defendant's in-house counsel from representing Defendant and extended Defendant's time to file its responsive pleading until 30 days after the motion to disqualify was adjudicated.

Plaintiff filed the instant motion to disqualify on June 14, 2025. He claims disqualification is appropriate because Defendant's general counsel, Mark G. Materna, and Defendant's chief litigation counsel Robert W. Topp, were directly involved in orchestrating fraud in the underlying arbitration.[2] Plaintiff also argues Defendant's in-house counsel has a conflict of interest and will have to take positions contrary to their "own personal survival interests." Plaintiff also cites to attorney disciplinary decisions to argue that Defendant's in-house counsel should be disqualified based on alleged fraud and dishonesty.[3] Plaintiff further argues disqualification is necessary because in-house counsel are necessary witnesses to this proceeding. Defendant opposes and

---

[2] Neither of these attorneys have appeared on behalf of Defendant in this action.
[3] This Court does not have jurisdiction over attorney disciplinary matters. The First Department's Attorney Grievance Committee is the body that investigates and prosecutes attorney disciplinary matters.

**154844/2025  MOLINA ARRAYAGO, MANUEL CHRISTIAN vs. INTERACTIVE BROKERS LLC**    **Page 2 of 5**
**Motion No. 002**

2 of 5

[* 2]

argues the allegations of fraud are unproven and cannot serve as a basis to disqualify counsel of its choosing, and that the advocate witness rule does not warrant disqualification at this juncture. Defendant also disputes that in-house counsel is conflicted.

## II.    Discussion

Plaintiff's motion is denied. A movant seeking disqualification bears a heavy burden (*Mayers v Stone Castle Partners, LLC*, 126 AD3d 1 [1st Dept 2015]). This is because the disqualification of counsel affects a party's federal and state constitutional rights to counsel of their own choosing (*Dietrich v Dietrich*, 136 AD3d 461 [1st Dept 2016]). Disqualification of counsel rests within the discretion of the trial court (*Ferolito v Vultaggio*, 99 AD3d 19, 27 [1st Dept 2012]). The Court of Appeals, First Department, and other departments, have instructed trial courts to examine whether a motion to disqualify is being used impermissibly as a litigation tactic and have repeatedly denied motions to disqualify where they appear to be part of litigation gamesmanship (*see e.g. Solow v W.R. Grace & Co.*, 83 NY2d 303, 310 [1994] *Hele Asset, LLC v S.E.E. Realty Associates,* 106 AD3d 692, 694 [2d Dept 2013]; *St. Barnabas, supra*; *see also H.H.B.K. 45th Street Corp. v Stern*, 158 AD2d 395 [1st Dept 1990]). Here, the Court has concerns that the motion is being used as an offensive tactic to impose litigation costs on Defendant by forcing them to retain and pay outside counsel, making this litigation more costly and burdensome for Defendant. This factor weighs against granting Plaintiff's motion.

Moreover, Plaintiff's application of conflict-of-interest rules and principles to disqualify counsel is unavailing. An analysis of Plaintiff's allegations shows that Defendant and its in-house counsel are not conflicted but united in interest, as Defendant and its in-house counsel have a united interest in disproving Plaintiff's allegations of fraud (*see, e.g. Twin Sec., Inc. v Advocate & Lichtenstein, LLP*, 97 AD3d 500, 500-501 [1st Dept 2012] ["At this early stage, defendants-

154844/2025   MOLINA ARRAYAGO, MANUEL CHRISTIAN vs. INTERACTIVE BROKERS LLC    Page 3 of 5
Motion No.  002

3 of 5

[* 3]

respondents appear to be presenting a unified defense. Thus, any potential conflict is speculative at present."]).

Plaintiff's argument for disqualification under the advocate-witness rule is premature. The party seeking disqualification of counsel under the advocate-witness rule bears a heavy burden of establishing that the testimony of the party's attorney is necessary rather than cumulative (*Segal v Five Star Electric Corporation*, 165 AD3d 613, 613 [1st Dept 2018]). The movant must show that the testimony sought is weighty, and information gleaned from the testimony is unavailable from other sources (*Segal, supra* citing *Campbell v McKeon*, 75 AD3d 479, 481 [1st Dept 2010]). Here, Plaintiff failed to meet his heavy burden of showing that certain attorneys within Defendant's in-house counsel legal team's testimony is necessary. Documentary evidence such as e-mails, transactions, reports, expert opinions, and evidence submitted in the underlying arbitration may very well be sufficient for Plaintiff to prove his allegations of fraud. As Defendant has not yet responded to the complaint and there has been no discovery, Plaintiff has not met his heavy burden of showing that other available evidence may be sufficient without taking the drastic remedy of disqualifying Defendant's chosen counsel (*see, e.g. Simon v Lewis*, 238 AD3d 681, 682 [1st Dept 2025]; *Dishi v Federal Ins. Co.*, 112 AD3d 484 [1st Dept 2013]). Based on the current procedural posture, and given Plaintiff's heavy burden, this branch of the motion is denied, without prejudice, with leave to renew upon further discovery, if Defendant's counsel's testimony is truly necessary (*Dishi, supra*; *see also Davin v JMAM, LLC*, 27 AD3d 371, 371 [1st Dept 2006]).

Finally, Plaintiff's argument that Defendant's alleged fraud in the underlying arbitration disqualifies its in-house counsel from representing it in this action is unavailing. Arbitrator Horwitz evaluated the evidence in the underlying arbitration and considered Plaintiff's allegations of fraud and manipulated data. After considering Plaintiff's allegations and the evidence, the

154844/2025  MOLINA ARRAYAGO, MANUEL CHRISTIAN vs. INTERACTIVE BROKERS LLC     Page 4 of 5
Motion No.  002

4 of 5

[* 4]

arbitrator dismissed Plaintiff's complaint with prejudice. To date, there has been no finding of fraud against Defendant, and Defendant has consistently disputed and opposed those allegations. A litigant is not entitled to disqualify opposing counsel through allegations of fraud alone. Nor can a litigant disqualify an entire legal department or firm by claiming one attorney's alleged fraud is imputed to all other attorneys in the department or firm. The Court has considered the remainder of Plaintiff's contentions and finds them unavailing.

Accordingly, it is hereby,

ORDERED that Plaintiff's motion to disqualify Defendant's in-house counsel from representing Defendant during the pendency of this litigation is denied; and it is further

ORDERED that within thirty days of entry of this Decision and Order, Defendant shall answer or otherwise respond to Plaintiff's amended complaint (NYSCEF Doc. 41); and it is further

ORDERED that if Defendant elects to serve an answer to the amended complaint, the parties shall meet and confer and submit a proposed preliminary conference order to the court via NYSCEF and e-mail, but in no event shall the proposed preliminary conference order be submitted any later than February 24, 2026; and it is further

ORDERED that within ten days of entry, counsel for Defendant shall serve a copy of this Decision and Order, with notice of entry, on all parties via NYSCEF.

This constitutes the Decision and Order of the Court.

12/8/05

**DATE**

HON. PHAEDRA F. PERRY-BOND, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | x | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |